IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 24, 2000 Session

## STATE OF TENNESSEE v. KENNETH BRYAN HARRIS

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Wilson County**
**Nos. 96-0710, 96-0710A, 96-0710B     Bobby Capers, Judge**

———————————

**No. M1998-00325-SC-R11-CD - Filed December 13, 2000**

———————————

We grant permission to appeal as requested by Kenneth Bryan Harris in order to review the judgment of the Court of Criminal Appeals. The Court of Criminal Appeals found that the trial court had erred in making the following rulings: (1) overruling the State's motion to enter a *nolle prosequi* on an indictment for aggravated assault; (2) dismissing a superseding indictment for attempted first degree murder and aggravated assault; and (3) reversing the district attorney general *pro tempore*'s rejection of the defendant's application for pretrial diversion on the original indictment. Accordingly, the Court of Criminal Appeals reversed each ruling and remanded the cause to the trial court for further proceedings. After careful consideration, we conclude that the trial court erred in overruling the State's motion for a *nolle prosequi* on the original indictment. We conclude also that the trial court erred in dismissing the superseding indictment for attempted first degree murder and aggravated assault. Moreover, because the superseding indictment contains a count charging Harris with an offense for which pretrial diversion is not available, we need not consider the question of pretrial diversion. Based on these conclusions, we affirm the decision of the Court of Criminal Appeals and remand the cause to the trial court for proceedings on the superseding indictment.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Affirmed and Remanded**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., FRANK F. DROWOTA, III, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Frank Lannom, Lebanon, Tennessee, for the appellant, Kenneth Bryan Harris.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, Tom P. Thompson, Jr., District Attorney General, and William Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts and Procedural History

Our factual synopsis will be very brief because of the scant record before us[1] and because of our remand of the case for further proceedings.  The salient facts gleaned from the record are that Kenneth Bryan Harris, the defendant, shot a neighbor three times.  One of the bullets severed the victim's spinal cord, resulting in permanent paralysis below the shoulders.  On March 18, 1996, the grand jury returned an indictment charging Harris with aggravated assault.  Because the district attorney general was disqualified, the trial court appointed, on May 14, 1996, a district attorney general *pro tempore* to prosecute the case.[2]  On November 12, 1996, Harris applied for pretrial diversion, and the trial court ordered the preparation of a pre-sentence report.  While the original indictment and the application for pretrial diversion were pending, the district attorney general *pro tempore* re-submitted the case to the grand jury.  Upon re-submission, the grand jury returned, on December 10, 1996, an indictment in two counts:  attempted first degree murder and aggravated assault.

On May 8, 1997, the district attorney general *pro tempore* sought leave of the court to enter a *nolle prosequi*[3] on the original indictment.  Harris responded eleven months later, on March 31, 1998, opposing the *nolle prosequi* and noting that the application for pretrial diversion had not been acted upon.  The district attorney general *pro tempore*, also on March 31, 1998, filed a letter in which he rejected Harris's application for pretrial diversion.

On April 14, 1998, the trial court entered two orders.  In the first, the trial court refused to allow a *nolle prosequi* of the original indictment.  In the second, the trial court, apparently acting *sua sponte*, dismissed the superseding indictment.  Despite the request of the district attorney general *pro tempore* for written findings of fact and conclusions of law, no written response was filed by the trial court.  On May 6, 1998, the trial court considered Harris's writ of certiorari to review the district attorney general *pro tempore*'s denial of pretrial diversion.  The trial court found the denial unsupported by the evidence and entered an order granting Harris pretrial diversion.  On direct appeal, the Court of Criminal Appeals vacated each of the three orders entered by the trial court and remanded the case.

---

[1]The record in this case is unusually meager.  All proceedings were conducted in the absence of an official reporter; we have no verbatim transcript.

[2]Tenn. Code Ann. § 8-7-106(a) (1993 Repl.) provides:

If the district attorney general . . . is disqualified from acting, . . . the court shall appoint some other attorney to supply such district attorney general's place temporarily.  The acts of such district attorney general pro tem shall be as valid as if done by the regular officer, and the district attorney pro tem shall be entitled to the same privileges, and emoluments.

[3]The Latin phrase "*nolle prosequi*" literally means "I am unwilling to prosecute." Korematsu v. United States, 584 F. Supp. 1406, 1410 (N.D. Cal. 1984).  This Court defined *nolle prosequi* "as being a formal entry of record by the attorney-general by which he declares that he will no longer prosecute the case." Dearborne v. State, 575 S.W.2d 259, 263 (Tenn. 1978).

We find that the trial court erred in refusing to *nolle prosequi* the original indictment and in dismissing the superseding indictment. Thus, we remand the case to the trial court with the superseding indictment as the sole viable indictment. Because of our conclusions, it is unnecessary for us to address the pretrial diversion issue other than to say that the order granting pretrial diversion was linked to the original indictment, which has now been *nolled*, and that Harris is not eligible for pretrial diversion under the superseding indictment because it contains a count charging him with a Class A felony.[4] It results that the cause is remanded to the trial court where the case shall proceed on the superseding indictment to trial or other appropriate disposition, with all proceedings to be conducted in the presence of an official court reporter.

## II. Standard of Review

The decision whether to dismiss an indictment lies within the discretion of the trial court. State v. Benn, 713 S.W.2d 308, 311 (Tenn. 1986) (discussing dismissal of indictments by the trial court under Tenn. R. Crim. P. 48(b)). Appellate courts "may not interfere with a ruling made within the discretionary powers of the trial court absent clear abuse." See State v. Street, 768 S.W.2d 703, 709 (Tenn. Crim. App. 1988). Therefore, we will not disturb the decision of the trial court absent an abuse of discretion.

## III. Analysis

The dispositive issue in this case is subject to misstatement. True, we are reviewing three rulings of the trial court–two of which concern indictments. However, the rulings (or at least those pertaining to the indictments) are inter-dependent and inextricably linked. Together, the rulings accomplish a single purpose: forcing the State to prosecute the charge selected by the trial court. Thus, the core issue is whether and to what extent, under the circumstances here presented, the trial court may determine which charge(s) the State must prosecute.[5]

### A. Denial of the State's Motion to *Nolle Prosequi* the Original Indictment

Under common law, the State was free to *nolle prosequi* a case at any time after a formal charge had been made by indictment or information. See 4 Wayne R. LaFave et al., Criminal Procedure § 13.3 (1999). However, over time, the need to check this "unbridled discretion" resulted in legislation and rules of court such as Tenn. R. Crim. P. 48(a), which provides that the State "may by leave of court file a dismissal of an indictment . . . and the prosecution shall thereupon terminate."

---

[4]See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(c) (Supp. 1999) (providing in pertinent part that a prosecution may not be suspended by pretrial diversion when the defendant is charged with a Class A or B felony).

[5]As a preliminary matter, Harris challenges the timeliness of the State's appeal. Like the Court of Criminal Appeals, we conclude that the interests of justice merit our consideration of the substantive issues in this case; therefore, we need not discuss whether the notice of appeal was timely filed. See Tenn. R. App. P. 4(a); State v. Burrow, 769 S.W.2d 510, 511 (Tenn. Crim. App. 1989)("The notice of appeal can be waived by this Court 'in the interest of justice' . . . without regard to whether it is the defendant or the state seeking waiver.").

(Emphasis added). Thus, under modern law, "when a criminal prosecution has gone beyond the charging stage, that is to say, after indictment is returned, the matter [is considered to have] left the [sole] domain of the prosecutor and . . . entered into the realm of the court." Pace v. State, 566 S.W.2d 861, 868 (Tenn. 1978) (Henry, C.J., concurring).

The analysis established to consider a motion to *nolle prosequi* seeks to balance the need to allow prosecutors the freedom to exercise legitimate discretion with the need to prevent abuse of the power to dismiss. While Rule 48(a) grants the trial court some control over the prosecutor's discretionary powers, that control is limited. The federal courts, interpreting virtually identical "leave of the court" language found in Fed. R. Crim. P. 48(a), have stated:

> the phrase "by leave of court" . . . was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives. But this is not to say that the Rule was intended to confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. The rule was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.

United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975) (emphasis added); see also State v. Landers, 723 S.W.2d 950, 953 (Tenn. 1987) (applying the "manifest public interest" test to analysis of Tenn. R. Crim. P. 48(a)).

Given the high threshold that the trial court must meet before overruling the prosecutor's decision to *nolle prosequi* an indictment, the broad discretion granted to the trial court in other circumstances, such as evidentiary rulings, is inapplicable here. In order for appellate courts to affirm that the trial court's discretionary power to deny a motion to *nolle prosequi* is used only when the public interest is at stake, the trial court should provide a clear showing of its reasons for denying the motion and should ensure that the reasons are made part of the record. In this case, the trial court preserved no such showing on the record. The record does not reflect any manifest public interest sufficient to merit the trial court's restraint of the State's discretion; indeed, the trial court seems to have merely substituted its judgment for the State's regarding which of the two indictments should be pursued. Such a unilateral check of prosecutorial discretion, without apparent or articulated justification, is beyond the trial court's authority. Therefore, we conclude that the trial court abused its discretion in denying the State's motion to *nolle prosequi* the original indictment.

B. Dismissal of the Superseding Indictment

Under the United States Constitution and the law of Tennessee, the State is given broad discretion over the control of criminal prosecutions. As stated by the United States Supreme Court in Bordenkircher v. Hayes, "so long as the prosecutor has probable cause to believe that the accused committed an offense . . ., the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely within his discretion." 434 U.S. 357, 364, 98 S. Ct. 663, 668 (1978). The decisions of our Court similarly provide that the State has the "sole duty, authority, and discretion to prosecute criminal matters." State v. Spradlin, 12 S.W.3d 432, 436 (Tenn. 2000); Ramsey v. Town of Oliver Springs, 998 S.W.2d 207, 209-10 (Tenn. 1999).

The power to seek a superseding indictment lies within this broad discretion of the State. A superseding indictment is an indictment obtained without the dismissal of a prior indictment. 41 Am. Jur. 2d Indictments and Informations § 54 (1995). Where there has been no jeopardy on the first indictment, a grand jury may return a new indictment against an accused even though another indictment is pending. Id.; see also United States v. Eshkol, 108 F.3d 1025, 1027 (9th Cir. 1997). Although the State may not bring a superseding indictment to harass or intimidate the accused,[6] a legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

Though broad, the discretion of the State is not infinite. The Tennessee Rules of Criminal Procedure authorize the trial court to dismiss an indictment under certain circumstances. For example, Tenn. R. Crim. P. 48(b) preserves the accused's right to a speedy trial by providing that the trial court may dismiss an indictment "[i]f there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial . . . ." In addition, Tenn. R. Crim. P. 12(b)(2) implicitly allows the trial court to dismiss a defective indictment when a motion is made prior to trial. Finally, if a defendant is indicted while a preliminary hearing is pending, the trial court may dismiss the indictment on the defendant's motion. Tenn. R. Crim. P. 5(e). Notably, of these rules, only Rule 48(b) seems to provide for *sua sponte* dismissal by the trial court. In contrast, the trial court's authority under Rule 12(b)(2) and Rule 5(e) is ordinarily enabled by motion of a party. While we need not decide here whether the trial court has any authority outside of the provisions of Rule 48(b) to dismiss indictments on its own motion, it is evident that such a dismissal would be a highly unusual event that would require the trial court to provide, on the record, clear justification for such a decision.

The record before us does not suggest unnecessary delay in the proceedings such as would justify the trial court acting under Rule 48(b) to dismiss the superseding indictment. Nor does the record include a motion by either counsel to dismiss the superseding indictment. Moreover, the attempt by the district attorney general *pro tempore* to ascertain the basis for the trial court's

---

[6]See United States v. Edwards, 777 F.2d 644, 649 (11th Cir. 1985).

dismissal of the indictment was fully thwarted by the trial court's rejection of his request for written findings of fact and conclusions of law. Thus, we are left with no other conclusion but that the trial court acted *sua sponte* in dismissing the superseding indictment. Absent some indication of unnecessary delay, a defect in the indictment, or some articulable reason for dismissal, a *sua sponte* decision to dismiss the indictment clearly was beyond the authority of the trial court and constitutes, therefore, an abuse of discretion.

Because we conclude that the trial court abused its discretion in dismissing the superseding indictment, we affirm the judgment of the Court of Criminal Appeals reinstating that indictment. We remand the cause (the superseding indictment) to the trial court, where the matter shall proceed to trial or other appropriate disposition.

## C. Pretrial Diversion

Harris's application for pretrial diversion was filed under the original indictment. We have concluded that the State should have been allowed to *nolle prosequi* that indictment, and thus we no longer need to address the pretrial diversion question. Furthermore, as a result of our ruling today, the only indictment still viable on remand contains a count charging Harris with attempted first degree murder,[7] a Class A felony. As long as that charge remains, Harris is not eligible for pretrial diversion. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(c) (Supp. 1999) (providing in pertinent part that a prosecution may not be suspended by pretrial diversion when the defendant is charged with a Class A or B felony). Thus, it is unnecessary for us to address whether the trial court abused its discretion in reversing the district attorney general *pro tempore*'s rejection of Harris's application for pretrial diversion.

## IV. Conclusion

For the foregoing reasons, we conclude that the trial court abused its discretion both in denying the State's motion to *nolle prosequi* the original indictment charging only aggravated assault and in dismissing the superseding indictment for attempted first degree murder and aggravated assault. Accordingly, the judgment of the Court of Criminal Appeals is affirmed as herein modified. We remand the case to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are taxed to Kenneth Bryan Harris.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[7]The other count charges Harris with aggravated assault, punishable either as a Class C or Class D felony. See Tenn. Code Ann. § 39-13-102 (1997 Repl.).