# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 10, 2002 Session

## STATE OF TENNESSEE v. ANTONIUS HARRIS

**Appeal from the Circuit Court for Gibson County**
**No. 6962      L.T. Lafferty, Judge**

---

**No. W2001-02617-CCA-R3-CD - Filed November 7, 2002**

---

JOSEPH M. TIPTON, J., concurring.

I concur with the majority opinion, save one aspect. I disagree with its implication that Rule 8(a), Tenn. R. Crim. P., has no bearing on superseding indictments. Rule 8(a) mandates that offenses arising from the same conduct or criminal episode be joined in the same indictment, if the offenses are known to the prosecutor at the time of indictment. The Committee Comment states:

> The Commission wishes to make clear that section (a) is meant to stop the practice by some prosecuting attorneys of "saving back" one or more charges arising from the same conduct or from the same criminal episode. Such other charges are barred from future <u>prosecution</u> if known to the appropriate prosecuting official <u>at the time that the other prosecution is commenced</u>, but deliberately not presented to a grand jury.

(emphasis added). By their express terms, the Rule and the Comment speak of the indictment and the commencement of the prosecution – not the trial – as the time the prosecutor must make a choice.

The majority opinion is concerned that superseding indictments would almost always violate Rule 8(a) if it applied and that such result would run contrary to the "long established, recognized validity of superseding indictments." It cites to <u>State v. Harris</u>, 33 S.W.3d 767, 771 (Tenn. 2000), which does state that the power to seek a superseding indictment lies within the broad discretion of the state. However, <u>Harris</u> also notes that the state's discretion is "not infinite" and is subject to limiting provisions in the Rules of Criminal Procedure. <u>Id.</u> I believe Rule 8(a) is such a limiting provision.

I do not believe that a superseding indictment that has charges relating to offenses known at the time of the original indictment is exempt from the scope of Rule 8(a). In other words, I do not

believe that the prosecution may do by superseding indictment that which it may not do by separate indictment. Nor do I believe that superseding indictments would almost always violate the rule. A superseding indictment that essentially joins co-defendants or adds newly found offenses is not contrary to Rule 8(a).

In the present case, the record indicates that the superseding indictment included the defendant's wife as a co-defendant, increased the defendant's aggravated kidnapping charges to especially aggravated kidnapping charges, and reduced an attempted second degree murder charge to aggravated assault. The prosecutor advised the trial court that increasing the kidnapping charges to especially aggravating ones was a primary purpose in obtaining the superseding indictment. However, the record does not show, nor did the defendant pursue, why certain charges increased while another decreased. Thus, I cannot conclude that a violation of Rule 8(a) has been shown. I do conclude that, in any event, the defendant was not improperly prejudiced by the state proceeding on the superseding indictment.

_____
JOSEPH M. TIPTON, JUDGE