IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 12, 2005 Session

## STATE OF TENNESSEE v. BUD CASH, JR.

**Direct Appeal from the Criminal Court for Bradley County
Nos. M-96-031, M-04-178, M-04-445    R. Steven Bebb, Judge**

_____

**No. E2004-02647-CCA-R3-CD - Filed May 18, 2005**

_____

The Defendant, Bud Cash, Jr., was indicted on sixteen counts of possession of a handgun by a convicted felon, and three counts of possession of an altered serial number weapon. After the statute of limitations had expired, the State filed two subsequent superceding indictments. The trial court dismissed all three indictments, holding that the original indictment was insufficient to provide the Defendant notice of the charges and insufficient to protect the Defendant from double jeopardy, and that the subsequent indictments were untimely filed. The State appeals, contending that the trial court erred when it dismissed the indictments. We agree with the State, and, accordingly, we reverse the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Robert W. Richardson, Assistant District Attorney General, for the appellant, State of Tennessee.

Douglas A. Trant, Knoxville, Tennessee (at trial) and Jeanne L. Wiggins, Athens, Tennessee (on appeal) for the appellee, Bud Cash, Jr.

## OPINION
### I.  Facts

This procedurally complex case arises from the dismissal of three sets of indictments against the Defendant.[1]  On January 10, 1990, and prior to the circumstances that gave rise to this appeal, the Defendant was convicted of aggravated assault.  On January 18, 1996, based on information

_____

[1]For the sake of clarity, and to avoid unnecessary confusion, we set forth the relevant factual and procedural aspects of this case chronologically.

volunteered by the Defendant's ex-wife, officers in Bradley County obtained and executed a search warrant for the Defendant's home. The officers found sixteen handguns, three of which had the serial numbers removed. The Defendant was arrested, without a warrant, and bound over to the grand jury. A preliminary hearing was held on January 26, 1996.[2] In February 1996, the Bradley County Grand Jury indicted the Defendant for sixteen counts of possession of a handgun by a convicted felon, each of which read, in pertinent part, as follows:

> The Grand Jurors for the State of Tennessee, upon their oath present that
> Bud Cash, Jr.
> on or about the 18th day of January, 1995,[3] in Bradley County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, or knowingly possess a handgun, to-wit: [description of make and caliber specific to each count], after being convicted of a Aggravated Assault, a felony, in violation of T.C.A. 39-17-1307, all of which is against the peace and dignity of the State of Tennessee.

The indictment also included three counts of possession of a handgun with an altered serial number, which read as follows:

> [O]n or about the 18th day of January 1996, in Bradley County, Tennessee, and before the returning of this indictment, [the Defendant] did unlawfully and knowingly possess with intent to conceal or misrepresent the identity of an item to wit: a gun whose permanent serial number, manufacturer's identification plate or other permanent distinguishing number had been altered, covered, defaced, destroyed or removed, contrary to the statute, and against the peace and dignity of the State of Tennessee.

The case was assigned number 96-031. On February 26, 1996, the Defendant, represented by counsel, acknowledged receipt of the indictment, announced that he understood the charges against him, and waived the formal arraignment. On February 27, 1996, the Defendant filed a motion for a bill of particulars regarding the "particular guns" that counts seventeen through nineteen of the indictment charged as missing serial numbers. On April 25, 2000, the Defendant filed a motion to stipulate the Defendant's prior aggravated assault conviction and to prohibit the State from mentioning the specifics of that crime in the Defendant's trial. On March 12, 2001, the Defendant filed a motion for continuance based on a United States Supreme Court decision that could have affected the Defendant's aggravated assault conviction underlying the charges at issue in this case. On August 25, 2003, the Defendant filed a motion to suppress evidence allegedly found outside the scope of the search warrant.

---

[2] The transcript of the preliminary hearing was included in the record as an exhibit to the Defendant's motion to suppress evidence.

[3] The date of the offense was actually January 18, 1996.

On February 20, 2004, the State filed a superceding set of indictments, charging the Defendant with sixteen counts of possession of a handgun by a convicted felon and one count of possession of a handgun with an altered serial number. This second set of indictments was assigned a different case number, 04-178. Each of the first sixteen counts of the indictment read, in pertinent part, as follows:

> On or about the 18th day of January 1996, in Bradley County, Tennessee, and before the finding of this indictment, unlawfully and intentionally, and knowingly, carry with the intent to go armed, a firearm, to wit: [particular description of the make and caliber of the gun in this count], and has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon, to wit: Aggravated Assault, with intent to employ it in the commission of or escape from an offense, in violation of T.C.A. 39-17-1307, all of which is against the peace and dignity of the State of Tennessee.

Additionally, the indictment charged the Defendant with one count of possession of a handgun with an altered serial number, which read as follows:

> On or about the 18th day of January, 1996, in Bradley County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly possess with intent to conceal or misrepresent the identity of an item, to-wit: a gun, whose permanent serial number, manufacturer's identification plate or other permanent distinguishing number had been altered, covered, defaced, destroyed or removed, in violation of T.C.A. 39-14-134, all of which is against the peace and dignity of the State of Tennessee.

On March 15, 2004, the Defendant filed a motion to suppress evidence obtained during the execution of the January 18, 1996, search warrant, contending that the search warrant did not sufficiently describe the location to be searched.

The State filed a motion and proposed order to consolidate the cases, stating that the second set of indictments was based on the same circumstances and offenses, but the cause was "re-presented" to the Grand Jury to correct defects in the original indictment. The motion requested that the indictments in case number 04-178 supercede those in case number 96-031, and the State requested that case number 96-031 be closed. The motion and order to consolidate and supercede is dated April 14, 2004. The attached order, which states "On motion of the State and for good cause shown, these cases shall be, and hereby are, consolidated and Case No. 04-178 shall supercede Case No. 96-031" was signed and dated by the trial court on May 3, 2004, and the court clerk's stamp shows that the order was filed on this same date.[4] On May 21, 2004, the Defendant filed an

---

[4]We note that, confusingly, this order, signed by the trial court, appears to have closed case 96-031, yet the trial court signed a separate order allowing the third set of indictments to supercede case 96-031, and, further, the trial court entered judgments dismissing each count of all three indictments.

objection to the State's motion to consolidate and supercede.

On June 24, 2004, the State filed a second superceding set of indictments, the third set of indictments in this case, and this set of indictments was assigned case number 04-445. This third set of indictments charged the Defendant with sixteen counts of possession of a handgun by a convicted felon and one count of possession of an altered serial number item. The first sixteen counts read as follows:

> On or about the 18th day of January 1996, in Bradley County, Tennessee, and before the finding of this indictment, did unlawfully and intentionally or knowingly possess a handgun, to wit: [description of handgun], and has been convicted of a felony involving the use or attempted use of force violence or a deadly weapon, to wit: Aggravated Assault in violation of T.C.A. 39-17-1307, all of which is against the peace and dignity of the State of Tennessee.

The seventeenth count of the indictment read as follows:

> On or about the 18th day of January, 1996, in Bradley County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly possess with the intent to conceal or misrepresent the identity of an item, to wit: a gun, whose permanent serial number, manufacturer's identification plate or other permanent distinguishing number had been altered, covered, defaced, destroyed or removed, in violation of T.C.A. 39-14-134, all of which is against the peace and dignity of the State of Tennessee.

On July 12, 2004, the Defendant again filed his motion to suppress evidence obtained as a result of the January 18, 1996, search warrant. On the same day, the Defendant also filed a motion to dismiss the second superceding set, or third total set, of indictments, to which the State filed a response August 9, 2004. The State filed a second motion and order to consolidate and supercede, dated August 8, 2004, and stamped "filed" on August 24, 2004, this time requesting that the third set of indictments, case number 04-445, supercede the first set of indictments, case number 96-031. The order, signed and dated by the trial court on August 24, 2004, is identical to the previous order, save the date and signature of the trial court, ordering that the second set of indictments, case number 04-178, supercede the first set of indictments, case number 96-031.[5]

On September 2, 2004, after a hearing on the Defendant's motion to dismiss the second superceding set of indictments, in case 04-445, the trial court dismissed all the indictments in cases

---

[5]Again, we note, with some confusion, that this order appears to close case 96-031. However, case number 96-031 was apparently closed by the trial court's order on May 3, 2004. Additionally, the motion filed by the State requested that the third set of indictments, 04-445, supercede the second set of indictments, 04-178, yet the order does not address this third set of indictments at all.

96-031, 04-178, and 04-445, entering separate judgments for each of the counts in each of the three sets of indictments. In doing so, the trial court stated:

> Well, I guess the easiest way to say what I've got to say is to say that I'm at least confused. . . . I always refer to it as the "snake bit" rule, and once a case gets "snake bit" it stays "snake bit" no matter what you do. It appears to me that this case for some reason went around, I know for a long time [the parties] were waiting on the result of some other case.

> . . . .

> But it laid around from 1996 until 2004 before anyone at the Attorney General's [O]ffice realized that the date of the offense was wrong. I think there's merit to the defendant's argument that had he gone to trial and been convicted perhaps on the original indictment that the statute ought to have run because he wouldn't have been protected from an indictment alleging this same offense on January the 18th, 1996. I think there's some merit in that. I also think there's some merit in the indictment itself which says "being convicted of aggravated assault, a violation of TCA 39-17-1307," which is not the aggravated assault statute. I think that, while it might not be fatal, certainly added to all the other headaches caused by these various indictments, it ought to be. . . . But I believe that because of the state of the indictment and the amount of time that has been involved and the same wrong statute being cited since the original indictment, that this Court is going to dismiss this indictment . . . . So I guessif [the State] decide[s] to appeal I guess the Court of [Criminal] Appeals is going to have to decide whether the "snake bit" rule applies, but I think the statute of limitations has run, and I think that the delay and somebody finding the mistakes as far as the date and not finding the mistakes as far as the possession of a handgun statute alleged to be aggravated assault is interesting.

It is from this judgment of the trial court that the State now appeals.

## II. Analysis

On appeal, the State contends that the trial court erred when it dismissed the indictments against the Defendant. Specifically, the State asserts that the statute of limitations period had not expired, the offense date was not a material element of the offense charged, and the indictments provided adequate notice of the charges against the Defendant. The Defendant counters that: (1) the first set of indictments was fatally defective, because they failed to provide him with adequate notice of the charges against him and failed to protect him against double jeopardy; (2) the statute of limitations was not tolled because the original indictment was defective and the Defendant did not have adequate notice of the charges against him; and (3) the superceding indictments were not proper because they were untimely and they materially or substantially altered the charges against the Defendant.

## A. The Original Indictment

We begin our analysis by discussing the sufficiency of the original indictment. The Defendant argues that the original indictment was fatally defective because: (1) the offense date in the first sixteen counts was incorrect; and (2) the language is misleading as to the charges that the Defendant must defend. The Tennessee Supreme Court has addressed the constitutional requirements for indictments, stating:

> [T]he Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee to the accused the right to be informed of the nature and cause of the accusation. Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy.

State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Further, Tennessee Code Annotated section 40-13-202 provides that an indictment must:

> [S]tate the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Despite the technical requirements, there is "little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both the constitutional and statutory requirements." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). Indeed, "we now approach attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding." Hill, 954 S.W.2d at 728 (citations omitted).

In the case under submission, we conclude that the first indictment was not fatally defective. The incorrect date did not place the Defendant in danger of double jeopardy. It has long been accepted that, in jury trials, double jeopardy does not attach until the jury is empaneled and sworn. State v. Pennington, 952 S.W.2d 420, 422 (Tenn. 1992). "A defendant must be put in jeopardy at least once, 'for only if that point has once been reached does any subsequent prosecution of the defendant bring the guarantee against double jeopardy even potentially into play.'" Id. (quoting Crist v. Bretz, 437 U.S. 28, 29 (1978)). Thus, the incorrect date on the indictment could not have created a danger of double jeopardy, because the Defendant had not yet been placed in jeopardy for the first time. The argument that the incorrect date could create a problem with double jeopardy–if the Defendant had been tried on that indictment within the limitations period, and, after the result, the State re-indicted the Defendant for the same conduct with the correct offense date–relies on the

condition that jeopardy would attach *if the Defendant had been tried*. In the Defendant's case, however, no jury was ever empaneled and sworn, thus there was no *original* jeopardy that would create even the possibility of *double* jeopardy.

Similarly, we conclude that the incorrect offense date did not deprive the Defendant of adequate notice of the charge against him. Although an offense date could be an essential element of the crime charged, because the crime involves conduct that "may be innocent at one time and criminal at another," State v. Kennedy, 10 S.W.3d 280, 285 (Tenn. Crim. App. 1995), the indictment was nevertheless adequate. The crime of possession of a handgun by a person convicted of a felony involving force, violence or a deadly weapon, creates a criminal offense for possession of the handgun only after the conviction for a felony involving force, violence or a deadly weapon. Thus, the date of the possession could be material to the crime charged. The offense date in the original indictment was incorrect by one year. However, the date listed was, in fact, after the Defendant was convicted of aggravated assault. Further, the indictment stated that the offense occurred before the finding of the indictment, and after the Defendant was convicted of aggravated assault. Thus, the Defendant was on notice of the charge against which he would have to defend. Moreover, the Defendant had notice of the correct offense date in several ways. First, the indictment contained the correct offense date, January 18, 1996, for the last three counts of the indictment, which charged the Defendant with possession of three altered serial number guns, and these guns were three of the sixteen guns that the Defendant was charged with possessing in the first sixteen counts of the indictment. Second, the search warrant was executed on January 18, 1996, the Defendant was given a copy of this warrant at the time, and the warrant contained the correct date. Also, the Defendant was arrested for possession on that date. Third, the correct offense date was testified to at the Defendant's preliminary hearing.[6] Accordingly, we conclude that the Defendant was clearly on notice of the offense date and the charges against him.

The language of the indictment also did not mislead the Defendant or deprive him of notice of the charges against him. The indictment stated that the Defendant was charged with possession of a handgun after being convicted of "aggravated assault, a felony, in violation of T.C.A. 39-17-1307." This statement adequately advised the Defendant of the crime with which he was charged. Although the structure of the sentence could be read as incorrectly citing the aggravated assault statute, a common sense reading contradicts that interpretation. The statute cited is the possession of a handgun statute, the offense with which the Defendant was charged in that indictment. Also, although the indictment does not set forth that the aggravated assault was a felony involving the "use of force, violence or a deadly weapon," the statute cited in the indictment does set forth these elements. Thus, the indictment clearly provides notice of the charges against which the Defendant must defend when read as a whole, in context, with reason, and from a common sense perspective. See Hill, 954 S.W.2d at 728. As the Tennessee Supreme Court observed, "[I]n criminal cases, where the public security is so deeply interested in the prompt execution of justice, it seems the minor consideration should give way to the greater, and technical objections be overlooked, rather than the

---

[6]Although the Defendant contends that the preliminary hearing is not in the record on appeal, the transcript of this hearing is included in the record before this Court as an exhibit to a pretrial motion filed by the Defendant.

ends of society be defeated." Hill, 954 S.W.2d 725, 727-728 (quoting State v. Pearse, 7 Tenn. (Peck) 66, 67 (1823)). Accordingly, we conclude that the trial court erred in finding that the original indictment was fatally defective.

Because we have concluded that the original indictment was not fatally defective, the question becomes whether the trial court erred in finding that the statute of limitations had expired in the Defendant's case. Generally, a criminal prosecution must be commenced within a statutorily set period of time following the offense, or the governmental action will be forfeited. Tenn. Code Ann. § 40-2-101 (2003); State v. Tait, 114 S.W.3d 518, 522 (Tenn. 2003); State v. Neilson, 44 S.W.3d 496, 499 (Tenn. 2001). The purpose of a criminal statute of limitations is to provide a defendant timely notice of charges against which the defendant may have to defend. Tait, 114 S.W.3d at 522. Thus, the limitations period safeguards against delay and protects the defendant's "ability to preserve relevant evidence necessary to the defendant's defense." Id. (citing State v. Pearson, 858 S.W.2d 879, 886 (Tenn. 1993). The commencement of the prosecution tolls the running of the statute of limitations because it provides the defendant with notice of the charges against which he must defend. Id.

Under Tennessee law, a prosecution may be commenced in several ways:

A prosecution is commenced, within the meaning of this chapter, by finding an indictment, or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

Tenn. Code Ann. § 40-2-104 (2004).

In the case under submission, the prosecution against the Defendant, for class E felonies, must have commenced within two years following the commission of the offenses. Tenn. Code Ann. §§ 39-17-1307 and 40-2-101(b)(4). The offenses were committed on January 18, 1996, thus the statute of limitations period would have expired on January 18, 1998. The record reflects that the Defendant appeared for a preliminary hearing, was bound over to the Grand Jury, and was indicted, all well before January 18, 1998. Thus, it is clear that the prosecution against the Defendant was timely commenced, and this commencement tolled the statute of limitations period. See Tenn. Code Ann. § 40-2-104. Consequently, the trial court erred in finding that the limitations period had expired.

Because the statute of limitations was tolled at the commencement of the prosecution, the subsequent superceding indictments were not untimely filed. In State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000), the Tennessee Supreme Court stated:

The power to seek a superseding indictment lies within this broad discretion of the

State. A superseding indictment is an indictment obtained without the dismissal of a prior indictment. . . . Where there has been no jeopardy on the first indictment, a grand jury may return a new indictment against an accused even though another indictment is pending. . . . Although the State may not bring a superseding indictment to harass or intimidate the accused, a legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

In the case under submission, the State brought two sets of superceding indictments. The first set corrected the offense date of the first sixteen counts of the original indictment, and it also dropped two of the three original counts of possessing an altered serial number item, charging the Defendant with only one count of this offense. The second set of superceding indictments added some language from the possession of a handgun statute, Tennessee Code Annotated section 39-17-1307, under which the Defendant was charged. None of these changes materially or substantially altered the indictment or charges against the Defendant. Accordingly, we conclude that the trial court erred in dismissing the superceding indictments against the Defendant because neither of the two superceding indictments were improper, and, therefore, the State was within its right to choose upon which indictment it wished to proceed to trial. See Tait, 114 S.W.3d at 518; Neilson, 44 S.W.3d at 496.

## III. Conclusion

We conclude that the trial court erred when it dismissed the indictments in this case, because the original indictment was not fatally defective, the statute of limitations was tolled with the commencement of the prosecution, and the subsequent indictments were proper and timely filed. Consequently, we reverse the trial court's judgments dismissing the indictments against the Defendant in case number M-04-445, and we remand the case to the trial court for further proceedings.

_____
ROBERT W. WEDEMEYER, JUDGE