# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 1, 2005

## ERVIN DAVIS v. WARDEN GLENN TURNER AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9738     Jon Kerry Blackwood, Judge**

---

**No. W2004-01985-CCA-R3-HC  - Filed May 20, 2005**

---

The petitioner appeals from the trial court's summary dismissal of his *pro se* petition for writ of habeas corpus.  Following our review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Ervin Davis, Hardeman County Correctional Facility, Whiteville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On August 23, 1999, the petitioner, Ervin Davis, pled guilty to second degree murder and possession of cocaine with intent to sell and was sentenced to fifteen years for the second degree murder conviction and eight years for the cocaine conviction.  On July 27, 2004, the petitioner filed a *pro se* petition for writ of habeas corpus, which the trial court summarily dismissed.

In his habeas corpus petition, the petitioner claimed that his guilty pleas were involuntary because he was pressured to plead guilty to second degree murder after he was charged by a superceding indictment for first degree murder some twenty-six months after he was charged by the original indictment for second degree murder.  In essence, the petitioner claimed that he pled guilty to second degree murder to avoid a conviction on the first degree murder indictment.  In addition, the petitioner claimed that his convictions derived from his guilty pleas were void because the indictments violated Rule 8(a) of the Tennessee Rules of Criminal Procedure.  On appeal, the

petitioner contends that the trial court erred in summarily dismissing his petition without a hearing or appointment of counsel because his petition stated a cognizable claim.

**Analysis**

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer, 851 S.W.2d at 163. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

At the outset, we note that the petitioner has failed to state any cognizable claim for habeas corpus relief. First, the petitioner's claim that his guilty pleas were involuntary is not a claim for which habeas corpus relief is available. Claims of an involuntary guilty plea would render a conviction voidable, not void, and thus are appropriately challenged through post-conviction procedures, not by writ of habeas corpus. See Archer, 851 S.W.2d at 164. Additionally, the petitioner's claim that the indictments for first and second degree murder were defective because they violated Rule 8(a) of the Tennessee Rules of Criminal Procedure is equally not a proper claim for habeas corpus relief.[1] While a petitioner may challenge, by habeas corpus petition, an indictment that is so defective as to fail to vest jurisdiction in the trial court, the petitioner's indictments are not defective. See Wyatt, 24 S.W.3d at 322.

The petitioner essentially cloaks his involuntary plea claim around his claim that his indictments were defective. This claim is completely without merit. The record reflects that the petitioner was indicted for second degree murder in December of 1996. The State subsequently obtained a superseding indictment for first degree murder in February of 1999. The petitioner then pled guilty to second degree murder. The power to seek a superceding indictment lies within the broad discretion granted to the State by the United States Constitution and the law of our state. State

---

[1] Tenn. R. Crim. P. 8(a) provides in relevant part: "Two or more offenses shall be joined in the same indictment . . . with each offense stated in a separate count . . . if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s) . . . ."

v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000). A superseding indictment is an indictment obtained without the dismissal of a prior indictment. Id. "Although the State may not bring a superseding indictment to harass or intimidate the accused, a legitimate decision to bring a superseding indictment is uniquely within the State's authority." Id. Therefore, "the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial." Id.

Reviewing the petitioner's claim, we fail to see how the State's decision to bring a superseding indictment violates Rule 8(a) of the Tennessee Rules of Criminal Procedure. More importantly, we observe that the petitioner's claim fails to establish an indictment that is so defective that it deprived the trial court of jurisdiction, thereby rendering the trial court's judgments void. Consequently, we affirm the trial court's dismissal of the petition for writ of habeas corpus.

_____
J.C. McLIN, JUDGE