IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2005 Session

## STATE OF TENNESSEE v. DAVID BARTLEY BELL

**Direct Appeal from the Circuit Court for Rutherford County**
**No. M-55859      James K. Clayton, Jr., Judge**

---

**No. M2005-00081-CCA-R3-CD - Filed November 8, 2005**

---

A Rutherford County Grand Jury indicted the defendant, David Bartley Bell, of driving under the influence, third offense, and violation of the implied consent law. The defendant filed a motion to suppress evidence from the traffic stop, arguing the stop was not based on reasonable suspicion. After a suppression hearing, the trial court dismissed the charges against the defendant because the arresting officer was not present to testify. On appeal, the State argues that the trial court erred in dismissing the charges against the defendant. After our review, we reverse the order of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J.C. McLin, J., delivered the opinion of the court, in which David H. Welles and Norma McGee Ogle, JJ., joined.

Frank M. Fly and Kerry Knox, Murfreesboro, Tennessee, for the appellant, David Bartley Bell.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Thomas S. Santel, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

The following evidence was presented at the suppression hearing. On October 11, 2003, Officer Tommy Massey of the Murfreesboro Police Department noticed the defendant driving on the wrong side of an unlined street. Officer Massey followed the defendant to his residence where he initiated a traffic stop. Ed Gorham, a DUI enforcement officer, also arrived at the scene and conducted several field sobriety tests on the defendant. After the defendant failed the field sobriety tests and refused to submit to a test of his blood alcohol content, Officer Gorham arrested the

defendant. The grand jury returned an indictment against the defendant for driving under the influence and violation of the implied consent law. The defendant filed a motion to suppress all evidence adduced after he was pulled over by Officer Massey, including the field sobriety tests conducted by Officer Gorham. In his motion, the defendant argued that Officer Massey did not have reasonable suspicion to conduct the initial traffic stop.

At the suppression hearing, the State presented the testimony of Officer Massey, the officer who initially stopped the defendant. After the State's direct examination of Officer Massey, defense counsel informed the court that Officer Massey was not the officer who obtained the warrant and arrested the defendant. Defense counsel argued that Officer Gorham must be present because he was the officer who generated the evidence sought to be suppressed. The trial court, *sua sponte*, dismissed the charges against the defendant because the State failed to produce both officers at the hearing. However, the trial court signed two orders of dismissal, one dismissing the charges with prejudice and the other dismissing the charges without prejudice. The State filed a request for the court to clarify its order. The trial court conducted a hearing on the State's request to clarify after the State had already filed its notice of appeal. At the hearing, the trial court stated that it intended that the dismissal be without prejudice, but that this Court could decide the issue because the State had already filed an appeal.

## ANALYSIS

On appeal, the State asserts that the primary issue to be determined by the trial court was whether Officer Massey formulated reasonable suspicion to stop the defendant's vehicle. The State argues that the trial court erred by diverting from the substance of the motion, and dismissing the charges against the defendant.

We begin our analysis by noting that "[t]he decision whether to dismiss an indictment lies within the discretion of the trial court[,]" subject to an abuse of discretion review. State v. Harris, 33 S.W.3d 767, 769-70 (Tenn. Crim. App. 2000). "The abuse of discretion standard contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" State v. Coley, 32 S.W.3d 831, 833 (Tenn. 2000) (quoting State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999)); see also State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997). Appellate courts "may not interfere with a ruling made within the discretionary powers of the trial court absent clear abuse." State v. Street, 768 S.W.2d 703, 709 (Tenn. Crim. App. 1988). Therefore, absent an abuse of discretion, we will not disturb the findings of the trial court. Harris, 33 S.W.3d at 770.

Upon review, we note that the defendant's motion to suppress challenged Officer Massey's reasonable suspicion to stop his vehicle. In part, the motion stated that "Defendant moves the Court to suppress all evidence resulting from his October 11, 2003, traffic stop by Officer Massey because Officer Massey lacked reasonable suspicion to perform the stop." We have thoroughly examined the record and we do not see any findings as to whether there was reasonable suspicion for the stop. The trial court appears to have dismissed the indictment because both officers were not present at

the hearing and failed to rule on the suppression issue.[1]  Although the trial court does have the discretion to dismiss an indictment, the trial court cannot abuse that discretion.

We conclude that the trial court abused its discretion by dismissing the indictment without addressing the merits of the defendant's motion to suppress.  Whether the stop was based on reasonable suspicion will dictate whether the stop and ensuing arrest were legal.  Such a finding by the trial court is a necessary precursor to any further determination regarding the suppression of the evidence and dismissal of the indictment.  Moreover, the initial stop was made by Officer Massey, who was available to testify.  Accordingly, it was an abuse of discretion for the trial court to dismiss the indictment without addressing the reasonable suspicion issue as the State was prepared to present with Officer Massey's testimony.  We therefore reverse the order of the trial court, dismissing the indictment against the defendant, and remand for the trial court to make findings of fact regarding the reasonableness of the stop.  If the trial court finds the stop was not based on reasonable suspicion, then the motion to suppress should be granted and charges dismissed.  See State v. Phillips, 30 S.W.3d 372, 373 (Tenn. Crim. App. 2000) (noting the substantive effect of the trial court's decision to grant a motion to suppress is dismissal of the indictment).  If the trial court finds the stop was based on reasonable suspicion, then the motion to suppress should be denied and the case should proceed.  Because we have determined that the trial court abused its discretion in dismissing the indictment without first addressing the merits of the defendant's motion to suppress, we need not address whether the dismissal should be with or without prejudice.

## CONCLUSION

Accordingly, we reverse the order of the trial court and remand for further proceedings.

_____
J.C. McLIN, JUDGE

---

[1]The defendant's argument suggests that the trial court granted the motion to suppress and dismissed the indictment.  However, we cannot find anything in the record to show the trial court ruled on the suppression issue.