# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CURTIS KELLER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County
No. 6590   Joe H. Walker, III, Judge**

---

**No. W2012-02076-CCA-R3-HC  - Filed February 15, 2013**

---

The Petitioner, Curtis Keller, appeals the Circuit Court of Lauderdale County's denial of his pro se petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Curtis Keller, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

A Shelby County jury convicted the Petitioner of three counts of aggravated robbery, three counts of especially aggravated kidnapping, four counts of attempted aggravated robbery, four counts of aggravated assault, and one count each of aggravated burglary and intentionally evading arrest in a motor vehicle. The trial court merged the aggravated assault convictions into the remaining convictions and ordered the Petitioner to serve an effective sentence of 300 years as a persistent offender at 45%.

On August 7, 2012, the Petitioner filed a petition for writ of habeas corpus in which

he alleged that his judgments of conviction were void because no affidavit of complaint was issued and the State improperly obtained a superseding indictment against him. The Petitioner also asserted that the State failed to file the presentence report and notice of enhancement factors in a timely manner and that, as a result, the trial court's reliance on the pleadings in imposing the sentence was improper. On August 8, 2012, the trial court entered an order denying relief. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner asserts that his convictions are void because the prosecution was commenced by an indictment and not by an arrest warrant accompanied by an affidavit of complaint. An indictment, however, is one of the methods by which prosecution may commence. See T.C.A. § 40-2-104. The issuance of an indictment requires a probable cause determination by the grand jury. See Tenn. R. Crim. P. 6.

With regard to the Petitioner's claim that the State improperly obtained a superseding indictment, we note that the power to seek a superseding indictment lies within the broad discretion granted to the State. State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000). A superseding indictment is obtained without the dismissal of a prior indictment. Id. "Although the State may not bring a superseding indictment to harass or intimidate the accused, a legitimate decision to bring a superseding indictment is uniquely within the State's authority." Id. Therefore, "the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial." Id. We fail to see how the State's decision to bring a superseding indictment renders the Petitioner's judgments void. See Ervin Davis v. Warden Glenn Turner, No. W2004-01985-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 491, at **5-6 (Tenn. Crim. App., at Jackson, May 25, 2005). The Petitioner fails to establish an indictment that is so defective that it deprived the trial court of jurisdiction and rendered the judgments void.

Similarly, the Petitioner's complaint about the trial court's use of the presentence report and the application of enhancement factors is not cognizable in this habeas corpus proceeding. See Cantrell v. Easterling, 346 S.W.3d 445, 451 (Tenn. 2011) (explaining that alleged errors in application of mitigating and enhancement factors "are to be addressed on direct appeal and not in a . . . habeas corpus proceeding"). There is no indication that the Petitioner's convictions are void or that his sentence of imprisonment has expired. See Archer, 851 S.W.2d at 164. Accordingly, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE