IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2016 Session

**IN RE: JENKINS BONDING COMPANY**

**Appeal from the Criminal Court for Davidson County**
**No. 2014-A-756     Steve R. Dozier, Judge**

_____

**No. M2015-00868-CCA-R3-CD – Filed May 27, 2016**

_____

The Appellant, Jenkins Bonding Company, appeals the Davidson County Criminal Court's judgment of final forfeiture of bail bonds. The Appellant argues that its obligation to secure the appearance of a defendant had been released; therefore, the trial court erred in issuing a judgment of final forfeiture. Upon review, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed, Vacated and Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Joel H. Moseley, Sr., Murfreesboro, Tennessee, for the Appellant, Jenkins Bonding Company.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn R. Funk, District Attorney General; and Tammy H. Meade, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record reflects that on November 2, 2012, the defendant, Ervin Sweat, Jr., was indicted in case number 2012-D-3012 for four counts of possession of a controlled substance with the intent to sell and one count of possession of a firearm during the commission of a dangerous felony. After several motions, the trial court reduced the defendant's bond to $75,000. On February 14, 2014, he was released on bond, and the Appellant, Jenkins Bonding Company, was the named surety. On February 14, 2014, the same day the defendant was released on bond, the trial court granted the State's motion to dismiss the charges against the defendant.

On March 21, 2014, a subsequent indictment, case number 2014-A-756, was issued against the defendant. This indictment charged the defendant with two counts of possession of a controlled substance, fourth offense, one count of possession of a controlled substance with the intent to sell in a school zone, and one count of possession of a firearm during the commission of a dangerous felony. According to the order of final forfeiture issued by the trial court, the defendant appeared at an April 11, 2014 arraignment, as well as subsequent status hearings for the new indictment. Mr. Jenkins, the owner/agent of the Appellant, testified that his company notified the defendant to appear at status hearings on the new indictment. A notation at the bottom of the bond application also listed the April 11, 2014 arraignment date for the new indictment. Nevertheless, the defendant failed to appear at a June 20, 2014 court date, and on June 20, 2014, the trial court entered a conditional judgment of forfeiture against the Appellant for $75,000. On September 9, 2014, the Appellant filed a motion to have the judgment of conditional forfeiture set aside, asserting that it was not obligated to secure the defendant's appearance in the new indictment. On February 10, 2015, the trial court denied the Appellant's motion and issued a judgment of final forfeiture. It is from this judgment that the Appellant now timely appeals.

## ANALYSIS

On appeal, the Appellant argues that the trial court was not authorized to enter a judgment of forfeiture because its obligation to secure the defendant's appearance was discharged on February 14, 2014, upon the dismissal of the indictment in case 2012-D-3012. The State counters that the trial court properly determined that the Appellant was not released of its obligation to secure the defendant because the dismissed indictment was superseded by indictment 2012-A-756. The State further argues that the Appellant has waived this issue because it is raising it for the first time on appeal. We agree with the Appellant.

The trial court's authority to relieve a surety of liability and grant exoneration of a bond is discretionary. T.C.A. § 40-11-203(b); see also State v. William Bret Robinson, No. E1999-00950-CCA-R3-CD, 2000 WL 1211316, at *3 (Tenn. Crim. App. Aug. 28, 2000) ("Determinations concerning the exoneration of bond forfeitures fall within the discretion of the trial court." (citing State v. Gann, 51 S.W.2d 490, 490 (Tenn. 1932))). "[I]n reviewing the trial court's determination[,] . . . we apply an [abuse of discretion] standard." In re Paul's Bonding Co., 62 S.W.3d 187, 194 (Tenn. Crim. App. 2001), perm. app. denied (Tenn. Sept. 17, 2001). "Under an [abuse of discretion] standard, this court grants the trial court the benefit of its decision unless the trial court 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" Id. (quoting State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997)).

The statutory provision governing the release of a bondsman's obligation is provided by Tennessee Code Annotated section 40-11-138(b), which provides that a bail bondsman shall be released of its obligation under a bail bond "upon the disposition of the charge against the surety's principal. A disposition shall include, but shall not be necessarily limited to, conviction, acquittal, plea of guilty, [or] agreement with the state." See T.C.A. § 40-11-138(b); see also State v. Davis, 173 S.W.3d 411, 414-16 (Tenn. 2005) (holding that a bail bondsman was released from its obligation upon disposition of the criminal defendant's case).

The State relies on State v. Adkisson, 899 S.W.2d 626, 634 (Tenn. Crim. App. 1994), in its assertion that the Appellant has waived this issue. While this court has stated that "a party cannot assert a new or different theory to support the objection . . . in the appellant court[,]" the Appellant clearly asserted this issue in its motion to set aside the judgment of conditional forfeiture. Specifically, the Appellant argued that it was not obligated to secure the defendant's appearance in the new indictment because its obligation was released when indictment 2012-A-3012 was dismissed. Although the Appellant stated an incorrect dismissal date of April 11, 2014, in its motion to the trial court, the theory for relief is the same theory the Appellant now asserts on appeal. This issue is not waived.

We conclude that the trial court abused its discretion in entering a judgment of final forfeiture against the Appellant. The trial court issued an order of final forfeiture against the Appellant based upon its determination that the indictment in case number 2014-D-756 was a superseding indictment. The Tennessee Supreme Court has recognized that "[t]he power to seek a superseding indictment lies within the broad discretion of the state." State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000). "A superseding indictment is an indictment obtained without the dismissal of a prior indictment." Id. In its order, the trial court determined that the indictment in case 2014-D-756 was issued against the defendant while the initial indictment was still pending. The trial court's determination is not supported by the record. The record is clear that the new indictment was issued more than four weeks after the trial court dismissed the initial indictment on February 14, 2014. Accordingly, case number 2014-D-756 was not a superseding indictment. The charges against the defendant for which the Appellant was obligated were disposed of on February 14, 2014. Pursuant to Tennessee Code Annotated section 40-11-138(b), the Appellant's obligation to secure the defendant's appearance was released. Having reached our decision on this basis, we want to make clear that we do not hold that a surety is automatically released from its obligations whenever a superseding indictment is filed, an issue raised in the trial court, but not properly argued by Jenkins Bonding Company in its appellate arguments.

## CONCLUSION

Upon review, we reverse the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE