STATE of Tennessee, Appellee,

v.

Curtis J. BENN, Appellant.

Supreme Court of Tennessee,
at Nashville.

July 14, 1986.

W.J. Michael Cody, Atty. Gen. & Reporter, Jerry L. Smith, Deputy Atty. Gen., Nashville, for appellee.

Mark T. Smith, Harsh & Kelly, Gallatin, F. Dulin Kelly, Kelly & Jones, Hendersonville, for appellant.

## OPINION

FONES, Justice.

We granted this Rule 11 application to determine the authority of a trial judge under T.R.Crim.P. 48(b) to dismiss an indictment for unnecessary delay that falls short of constitutional proportions and under what circumstances such dismissal should be with or without prejudice.

### I.

Defendant, Benn, was indicted for possession of marijuana with intent to resell. On the morning of trial, June 30, 1983, defendant advised the court that contrary to a local rule that he had invoked requiring the State to advise defendant of the names and addresses of witnesses, that at 4:00 p.m. on the preceding day the State had given notice that two additional witnesses would be called and a third witness was added that morning. The State responded that the three witnesses were chain of custody witnesses and that defendant had been notified as soon as it was known that it would be necessary to call the three witnesses. A witness whose name had been furnished defendant, Detec-

tive Mikels, was temporarily out of the State and his partner, Detective Badacour, who presumably would be giving the same testimony as Detective Mikels, was one of the three new witnesses.

Without any inquiry whatsoever as to how defendant would be prejudiced by the calling of the three chain of custody witnesses, the trial judge summarily advised the State that they would not be allowed to use any one of the three witnesses and denied the State's request for a continuance. When the State announced that it could not proceed, defendant moved for dismissal of the case, which motion was granted, and an order was entered dismissing all charges against defendant Benn, with prejudice.

No appeal was taken from the order dismissing the charges with prejudice, but on August 3, 1983, a new indictment was returned by the Grand Jury charging defendant Benn with the same offense that had theretofore been dismissed with prejudice. Defendant moved to dismiss the second indictment on the grounds that the first indictment had been taken from the order of dismissal and it was a final disposition of the case. The trial court granted that motion and dismissed the second indictment.

The Court of Criminal Appeals reversed, one member of the panel dissenting. The majority held that T.R.Crim.P. 48(b) authorized trial judges to dismiss an indictment for unnecessary delay, but declined to rule on whether it authorized a dismissal with prejudice. After observing that the "appropriate" procedure would have been an appeal of the trial judge's action in dismissing the first indictment with prejudice, the intermediate court held that the propriety of that dismissal was a "necessary adjunct" of the issue before the court on this appeal from the dismissal of the second indictment.

The dissenting judge held that the dismissal of the first indictment may have been irregular but was not void, and that thirty days after entry, when it became final, it was invulnerable to collateral attack.

## II.

Rule 48(b), Tennessee Rules of Criminal Procedure, governs the right of a trial judge to dismiss a prosecution for unnecessary delay in bringing a defendant to trial. It is identical to Federal Rules of Criminal Procedure 48(b) and reads as follows:

### RULE 48.   DISMISSAL

(a) *By State.*   ....

(b) *By Court.*   If there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, presentment, information or complaint.

There are no published Tennessee cases construing this rule. The federal courts hold that Rule 48(b) grants trial courts authority to dismiss a case for want of prosecution, whether or not there has been a constitutional speedy trial violation; that the rule is derived from the inherent common law power of the trial court to control its own jurisdiction and docket. *United States v. Simmons,* 536 F.2d 827 (9th Cir.1976); *United States v. Stoker,* 522 F.2d 576 (10th Cir.1975); *Mann v. United States,* 304 F.2d 394, (D.C.Cir.), *cert. denied,* 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962). A dismissal pursuant to Rule 48(b) can be with or without prejudice but a dismissal on a non-constitutional ground is normally without prejudice to a subsequent reindictment and prosecution. *United States v. Simmons, supra; United States v. Stoker, supra;* and *United States v. Furey,* 514 F.2d 1098 (2nd Cir. 1975). Dismissal with prejudice for want of prosecution, not arising from a constitutional violation should be utilized with caution and only after a forewarning to prosecutors of the consequences. *United States v. Simmons, supra; United States v. Hattrup,* 763 F.2d 376 (9th Cir.1985); *United States v. Clay,* 481 F.2d 133 (7th Cir.),

*cert. denied,* 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973).

■ The factors to be considered in passing on a motion to dismiss under Rule 48(b) where there has been no constitutional violation are the length of the delay, the reasons for the delay, the prejudice to defendant, and waiver by the defendant. Of course, these are the same factors that determine a speedy trial constitutional violation, except for the factor of a defendant's assertion of his right to a speedy trial. When it is found to be appropriate to dismiss with prejudice, the trial judge must make express findings of fact on each of the relevant factors listed herein.

We adopt the principles heretofore stated as appropriate in applying Rule 48(b) to criminal cases in this State.[1]

### III.

■ Tested by the foregoing principles, the trial judge's action in this case in denying the motion of the State for a continuance after erroneously failing to allow the use of the three witnesses was an abuse of discretion. If he had merely dismissed the action without prejudice it would have been a greater abuse of discretion. His dismissing of this action with prejudice was a significantly greater abuse of discretion than any of the foregoing. However, that erroneous, reversible action is not subject to review in this case.

A dismissal with prejudice under Rule 48(b) in the federal courts, for unnecessary delay not amounting to a constitutional violation, bars all further prosecution for the same offense. *See* Wright, Federal Practice and Procedure, 2nd ed., § 814. We are of the opinion that the rule should be given the same interpretation in Tennessee. There would be no purpose in authorizing a dismissal with prejudice if it did not have that result. Of course, a dismissal of a prosecution with prejudice is subject to review upon a T.R.A.P. 3 appeal by the State.

■ It follows that the dismissal of the first indictment in this case was a bar to

further prosecution for that offense when it became final following the State's failure to prosecute a timely appeal. The only issue that can be determined by the appellate courts in this case is the propriety of the dismissal of the second indictment. It was properly dismissed on the ground that the prior dismissal was with prejudice, was a final judgment, and a bar to further prosecution for the same offense.

· The judgment of the Court of Criminal Appeals is reversed and that of the trial court dismissing this case affirmed. Costs are adjudged against the State.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.

---

1. Rule 41 Tennessee Rules of Civil Procedure     controls the dismissal of civil actions.