IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2002

## STATE OF TENNESSEE v. STEVE PAIGE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-08831    James C. Beasley, Jr., Judge**

---

### No. W2001-03045-CCA-R3-CD - Filed March 4, 2003

---

In an indictment returned by the Shelby County Grand Jury on August 9, 2001, Defendant, Steve Paige, was charged with two counts of aggravated assault. The indictment alleged that both offenses occurred on January 16, 1999. At a hearing on December 6, 2001, the criminal court, *sua sponte*, dismissed the indictment because of the State's failure to prosecute. In its order of dismissal, the criminal court found that Defendant was arrested on January 16, 1999, the case was bound over to the grand jury on May 25, 1999, but he was not indicted until twenty-seven months later. The trial court further found that Defendant was arraigned on November 13, 2001, but the State did not have a file on the case and it had to be continued twice for that reason. When the case was called on December 6, 2001, the State could still not produce a file on the case. Accordingly, the trial court dismissed the case with prejudice for the State's failure to prosecute pursuant to Rule 48(b) of the Tennessee Rules of Criminal Procedure. The State appealed. After review, we affirm the trial court's order dismissing the case, but reverse that portion of the order dismissing the case with prejudice, and remand this case for the trial court to enter an amended order dismissing the case without prejudice.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Affirmed as Modified

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; Mike Davis, Assistant District Attorney General; and David Zak, Assistant District Attorney General, for the appellant, State of Tennessee.

Steven W. Pittman, Memphis, Tennessee, for the appellee, Steve Paige.

**OPINION**

The record in this case is scant. However, from the record, we can glean the following. In June, 2000, Defendant was arrested for felonious possession of crack cocaine in excess of 0.5 grams, a Class B felony. At that time, he had not yet been indicted for the two aggravated assault charges, even though they were bound over to the grand jury in May, 1999. After the indictment for the aggravated assaults was finally returned in August, 2001, some twenty-seven months after the cases had been bound to the grand jury, the State had apparently negotiated a plea agreement in the drug case wherein it would be reduced to a misdemeanor if the aggravated assault charges were "settled." This contingency apparently came to the attention of the trial court on the day that it dismissed the indictment charging the two counts of aggravated assault. Apparently, because the State was unable to locate its file on the aggravated assault charges, it had not made any offer of settlement on the aggravated assault charges. The file could not be located at the arraignment on November 13, 2001. Following arraignment, the case was continued until November 27, 2001, and the State still could not find the file. When the case came back on for hearing on December 6, 2001, the prosecutor again announced that the file could not be found.

Early in the proceedings on December 6, 2001, the trial court announced to a prosecutor in the courtroom that if the assistant district attorney assigned to the aggravated assault indictment still did not have a file and still was not ready to handle the case, the trial court would dismiss the indictment.

Just after this announcement, the trial court was informed of the contingency of the negotiated plea agreement in the drug case. There was a break in the proceedings, and when the matter was resumed on the record, the trial court announced that it was dismissing the aggravated assault indictment. The negotiated plea agreement was announced and accepted by the court in the drug case, and Defendant entered his guilty plea in the drug case. There was another break in the proceedings, and then the assistant district attorney assigned to the aggravated assault case announced to the court that the file in the aggravated assault case had been found. The prosecutor announced to the court that defense counsel was aware that Defendant would be re-indicted on the aggravated assault charges. The trial court announced that it was already drawing up the order dismissing the indictment. The State did not ask the trial court to reconsider its *sua sponte* order in light of the fact that the file had been located.

There is nothing in the record to indicate that Defendant ever asserted his constitutional right to a speedy trial.

**ANALYSIS**

Rule 48(b) of the Tennessee Rules of Criminal Procedure states that the trial court may dismiss the indictment "[i]f there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial."

Relying upon *State v. Benn*, 713 S.W.2d 308, 311 (Tenn. 1986), our supreme court has recently reiterated that "[t]he decision whether to dismiss an indictment lies within the discretion of the trial court." *State v. Harris*, 33 S.W.3d 767, 769 (Tenn. 2000). The decision of the trial court to dismiss an indictment will not be disturbed absent a clear abuse of discretion. *Id*. at 770.

In *State v. Benn*, 713 S.W.2d 308 (Tenn. 1986), our supreme court adopted certain principles as appropriate in applying Rule 48(b) of the Tennessee Rules of Criminal Procedure to criminal cases. *Id*. at 311. Among these principles are the following:

(1)      The trial court has authority to dismiss a case for failure to prosecute, whether or not there has been a constitutional speedy trial violation.

(2)      Rule 48(b) is derived from the trial court's inherent common law power to control its own jurisdiction and docket.

(3)      A dismissal pursuant to Rule 48(b) of the Tennessee Rules of Criminal Procedure can be with or without prejudice. A dismissal on a non-constitutional ground is normally without prejudice to a subsequent re-indictment.

(4)      A dismissal with prejudice for failure to prosecute, which does not arise from a constitutional violation, should only be utilized with caution and after adequate forewarning to prosecutors of the consequences of failure to prosecute.

(5)      The trial court must consider certain factors in making a determination to dismiss under Rule 48(b) of the Tennessee Rules of Criminal Procedure when there has been no constitutional violation. These are:

(a) length of the delay;
(b) reasons for the delay;
(c) prejudice to defendant;
(d) waiver by the defendant.

*Id*. at 310-11.

The supreme court noted that the immediately preceding four factors [(5)(a),(b),(c), and (d)] are the same ones to determine a speedy trial constitutional violation except those factors do not include whether or not the defendant asserted his right to a speedy trial. *Id*. at 311. Importantly, the supreme court in *Benn* noted that "[w]hen it is found to be appropriate to dismiss with prejudice, the trial judge *must* make express findings of fact on each of the relevant factors listed." *Id*. at 311 (emphasis added).

Defendant, at the trial court level, did not assert a constitutional right to a speedy trial, and does not claim on appeal that his constitutional right to a speedy trial was violated. He proceeds with the position that the dismissal was proper under Rule 48(b) of the Tennessee Rules of Criminal Procedure. Thus, we shall treat this matter as a dismissal upon a non-constitutional ground.

Examining the four factors set forth in *Benn*, we note that there was an inordinate delay between the aggravated assault case being bound over to the grand jury in May of 1999 and the indictment being returned more than two years later in August, 2001. The reason for the delay is not clear in the record. In other words, the State did not set forth any reason in the record for why the case was not presented to a grand jury for twenty-seven months. However, prejudice to the defendant, other than having the charges pending against him for such a long period of time, is not clear in the record. Neither is it clear whether Defendant may have waived any right to have the charges brought by the State in a timely fashion. We find that the first two factors weigh in favor of Defendant and dismissal of the indictment, while the second two factors are neutral in their effect. Based upon the record before us, we are therefore unable to find that the trial court abused its discretion in dismissing the indictment charging Defendant with two counts of aggravated assault.

That being concluded, however, we find that the trial court did not make "express findings of fact on each of the relevant factors" to justify dismissal of the indictment *with prejudice*. *Benn*, 713 S.W.2d at 311. Furthermore, the trial court did not give adequate forewarning to prosecutors of the consequences for failure to timely prosecute the matter to justify dismissal with prejudice. *See id*. at 310. Accordingly, we conclude that while dismissal of the indictment was within the discretion of the trial court, dismissal with prejudice was not justified. Therefore, while the dismissal of the indictment is affirmed, the matter must be remanded to the trial court for entry of an amended order dismissing the case *without* prejudice.

## CONCLUSION

Based upon the record, we affirm the trial court's order insofar as it dismissed the indictment charging Defendant with two counts of aggravated assault. However, we find that the trial court erred by dismissing the indictment with prejudice, and accordingly remand this case to the trial court for entry of an order dismissing the indictment *without* prejudice.

_____
THOMAS T. WOODALL, JUDGE