IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 11, 2005 Session

## STATE OF TENNESSEE v. CASEY AUSTIN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-03135     W. Otis Higgs, Judge**

---

**No. W2004-01448-CCA-R3-CD  - Filed March 22, 2005**

---

The State appeals the trial court's decision to dismiss the indictment against the defendant, Casey Austin, without prejudice.  For reasons discussed below, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; William L. Gibbons, District Attorney General; and P.T. Hoover, Jr., Michael R. McCusker and David Zak, Assistant District Attorney Generals, for the appellant, State of Tennessee.

Robert Wilson Jones, Shelby County Public Defender; W. Mark Ward and Tim Albers, Assistant Shelby County Public Defenders, for the appellee, Casey Austin.

### OPINION

### I.  Facts & Procedural History

On May 6, 2003, a Shelby County Grand Jury indicted the defendant for two counts of possession of .5 grams or more of a Schedule II controlled substance (cocaine) with the intent to sell or deliver in violation of Tennessee Code Annotated section 39-17-417.  On May 16, 2003, the defendant was arraigned and appointed counsel.  On May 22, 2003, the defendant filed a speedy trial motion.  Around November 10, 2003, the defendant's case was set for trial at which time the State requested a continuance due to its failure to produce a material witness.  The trial was reset to January 13, 2004.  On January 13, 2004,  the State again requested a continuance, and the trial was reset to April 27, 2004.  On April 27, 2004, the State requested another continuance.  On May 24, 2004, the defendant filed a motion to dismiss the indictment pursuant to Rule 48(b) of the Tennessee Rules of Criminal Procedure; Article I, Section 9 of the Tennessee Constitution; and the Sixth Amendment to the United States Constitution.

At a hearing on the defendant's motion to dismiss, the State explained that the continuance on November 10, 2003, was necessary because one of the State's material witnesses had been mobilized to Iraq. On January 13, 2004, the State's other material witness was unable to testify because he was sick with the flu. After resetting the trial to April 24, 2004, the State's witness was again ordered to return to Iraq. Therefore, when the case was called on April 24, 2004, the State was unable to prosecute and requested a continuance. Upon hearing the State's explanation, the trial court dismissed the indictment without prejudice explaining to the State that it was free to re-indict. The State filed a timely notice of appeal.

## II. Analysis

In this appeal, the State challenges the trial court's dismissal of the indictment without prejudice pursuant to Rule 48(b) of the Tennessee Rules of Criminal Procedure. The State contends that it has a right to appeal the dismissal, and that the trial court abused its discretion in dismissing the indictment. Specifically citing to State v. Benn, 713 S.W.2d 308 (Tenn. 1986), the State argues that when dismissing an indictment without prejudice, the trial court must consider the factors that determine a speedy trial constitutional violation, except for the factor of a defendant's assertion of his right to a speedy trial. Id. at 311. The defendant argues that the State has no right to appeal the dismissal of an indictment without prejudice because a dismissal without prejudice does not constitute a final judgment of the trial court. In the alternative, the defendant argues that the trial court did not abuse its discretion in dismissing the indictment without prejudice.

At the outset, we note the potential jurisdictional problem inherent in reviewing a dismissal without prejudice. Since the dismissal was not ordered on constitutional grounds or with prejudice, and the State is still free to re-indict before the expiration of the statute of limitations, there exists a lack of finality which could potentially divest appellate jurisdiction. Nevertheless, Rule 3(c) of the Tennessee Rules of Appellate Procedure provides without restriction that the State may appeal as of right any judgment or order entered by the trial court, the substantive effect of which results in dismissing an indictment. Additionally, Rule 2 of the Tennessee Rules of Appellate Procedure allows this Court to suspend certain provisions or requirements of the rules for good cause, including expediting a decision on any matter. Therefore, we address the merits.

Our analysis begins with a look at Rule 48(b) of the Tennessee Rules of Criminal Procedure which reads as follows:

> *By Court.* If there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, presentment, information or complaint.

Tenn. Rule Crim. P. 48.

In State v. Benn, our supreme court set forth certain principles relating to a trial court's dismissal of an indictment pursuant to Rule 48(b). Benn, 713 S.W.2d at 310-11. Our supreme court declared that a dismissal pursuant to Rule 48(b) could be with or without prejudice, but warned that a dismissal *with prejudice* for want of prosecution should be utilized with caution and only after a forewarning to the prosecutor of the consequences. Id. at 310. In addition, our supreme court stated the following:

> The factors to be considered in passing on a motion to dismiss under Rule 48(b) where there has been no constitutional violation are the length of the delay, the reasons for the delay, the prejudice to defendant, and waiver by the defendant. Of course, these are the same factors that determine a speedy trial constitutional violation, except for the factor of a defendant's assertion of his right to a speedy trial. When it is found to be appropriate to dismiss *with prejudice*, the trial judge must make express findings of fact on each of the relevant factors listed herein.

Id. at 311 (emphasis added).

As previously stated, the State argues that the principles set forth in Benn support its contention that the trial court abused its discretion when it dismissed the indictment without prejudice. We disagree.

First, we note that while our supreme court established principles for a trial court to utilize when ordering a dismissal of an indictment with prejudice, we cannot conclude, as the State does, that our supreme court intended these principles apply to a dismissal without prejudice. We are not prepared to infer from a reading of Benn, that the factors applicable to a constitutional speedy trial violation or a dismissal with prejudice also apply to a dismissal without prejudice. Especially in light of the fact that the State is not precluded from seeking a subsequent indictment following a dismissal without prejudice. To take such a position would strip the trial court of its inherent power to manage its own docket and create unnecessary appellate review.

Second, it is axiomatic that the trial court has inherent power to manage and control its own docket to ensure that cases proceed before it in a timely and orderly fashion. Our supreme court has recently underscored this fact by stating that the decision whether to grant or dismiss an indictment is within the sound discretion of the trial court. State v. Harris, 33 S.W.3d 767, 769 (Tenn. 2000). Therefore, we do not disturb the trial court's decision absent a clear abuse of discretion. Id. Under an abuse of discretion standard, the trial court's actions are reviewed less intensely and reversed only if the trial court has applied an incorrect legal standard or reached a decision that is against logic or reasoning and has caused injustice to the complaining party. See State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999); State v. Shuck, 953 S .W.2d 662, 669 (Tenn. 1997).

Of course, the discretion of the trial court to dismiss an indictment is not without restriction. The State has a valid interest in prosecuting the defendant on an indictment with prepared trial counsel and essential witnesses who are available. Likewise, the defendant has a similar valid

interest in having prepared counsel and essential witnesses for trial. This interest cannot be lightly disregarded by the trial court in considering whether to grant a continuance.[1] In addition, to reiterate, a dismissal with prejudice is to be used with caution and the trial court must make specific findings before dismissing with prejudice. From the record, we note that the State had valid reasons for its requested continuances. As part of the United States military, the State's material witness was mobilized to Iraq, and the State had no control over this situation. Consequently, if the trial court would have dismissed the indictment with prejudice, the trial court would not have been justified in its decision in this case.

In the present case, however, the record indicates that the trial court was presented with the defendants's motion to dismiss approximately one year after the defendant had requested a fast, speedy trial. Although the State indicated to the trial court that its material witness would be released from active duty late September, the State had already requested three continuances and gave no suggestions as to when it would be ready for trial. Also, the State offered no objection to the trial court's decision to dismiss without prejudice, but rather acknowledged that it would be entitled to re-indict. With no realistic prospect of proceeding to trial on any scheduled date in the near future, we cannot conclude that the trial court was obligated to continue the case. Rather, we conclude that the trial court's dismissal was not against logic and did not unjustly affect the State's power to prosecute the defendant. Therefore, the trial court did not abuse its discretion when it exercised its inherent power to dismiss without prejudice.

### III. Conclusion

Accordingly, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE

---

[1] The propriety of the trial court's dismissal without prejudice may be somewhat contingent upon a review of the statute of limitations period for the offenses listed in the indictment compared to the time of the dismissal.