IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 6, 2007

**STATE OF TENNESSEE v.**
**CHRISTOPHER CARNEY and ANTHONY MITCHELL**

**Direct Appeal from the Circuit Court for Haywood County**
**Nos. 5814, 5821, & 5844      Clayburn L. Peeples, Judge**

---

**No. W2007-00705-CCA-R3-CD  - Filed April 8, 2008**

---

Defendant Christopher Carney and Defendant Anthony Mitchell were each indicted for the sale and delivery of cocaine, a Schedule II drug.  In both cases, the trial court dismissed the indictments, and the State now appeals.  The cases were consolidated for purposes of appeal.  After a thorough review, we reverse the trial court's dismissal of the indictments as to each Defendant and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which J. C. MCLIN, J., joined. JAMES CURWOOD WITT, JR., filed a separate concurring opinion.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Garry G. Brown, District Attorney General; Jerald Campbell, Assistant District Attorney General; Matthew Hooper, Assistant District Attorney General; and Larry Hardister, Assistant District Attorney General, for the appellant, the State of Tennessee.

Bob C. Hooper, Brownsville, Tennessee, for the appellee, Christopher Carney and for the appellee, Anthony Mitchell.

**OPINION**

## I. Background

### A. *State v. Christopher Carney*

Defendant Carney was indicted in case No. 5821 on July 18, 2006. The charged offenses arose out of a drug transaction on October 7, 2005 between Defendant and an undercover agent for the Violent Crime and Drug Task Force. On September 25, 2006, the trial court ordered Defendant Carney released on his own recognizance because the Tennessee Bureau of Investigation (TBI) had not completed its testing of the substances seized from Defendant Carney. The State explained that it contacted the Drug Task Force to inquire about the status of the testing and was informed that the arresting officer still had the substances in his locker. The trial court cautioned the State, "if you've got any other drugs you're going to prosecute people for you need to get them to the lab."

The trial court conducted a status hearing in case No. 5821 on October 23, 2006. The State reported that it still had not received the test results from the TBI., and Defendant Carney moved for a dismissal of the indictment. Defendant Carney argued that the lack of test results hampered his attempts to negotiate a settlement of the case. The following colloquy occurred:

| | |
|---|---|
| [THE STATE]: | Judge, we'd just ask you to give us a trial date on [case No.] 5821. If [the lab report] is not here, the State will voluntarily dismiss it on that date. |
| THE COURT: | No. It's time for you guys to teach the Task Force how to do their job with regard to – |
| [THE STATE]: | It's not the Task Force, Judge. It's the Sheriff's Department. |
| THE COURT: | It's time for you to teach them also how to do their job with regard to the lab. I'm dismissing [case No.] 5821. |
| [THE STATE]: | Is that with leave to reinstate when the labs come in? |
| . . . | |
| THE COURT: | No, that's dismissing. It's been seven, eight months. . . . |
| [THE STATE]: | So, it's for failure to prosecute? Is that what it is. |
| THE COURT: | Failure to have the lab report. |

The trial court entered an order dismissing case No. 5821 with prejudice on October 27, 2006. The State filed a motion to reconsider in which it explained that:

> [t]he evidence was not sent in to the crime laboratory at the time of the arrest because of a policy change regarding the handling of evidence in Drug Task Force cases. The evidence in this matter was thought to have been taken to the TBI Crime Laboratory by Bryant Nichols, when in fact the evidence was in the custody of the Haywood County Sheriff's Department. The evidence custodian for the sheriff's department did not take the drugs to the laboratory because the policy change mandated that the evidence custodian for the Drug Task Force handle the submission of its own evidence to the laboratory.

A hearing was held on the State's motion on November 22, 2006. The State argued that Defendant Carney's motion to dismiss was made orally and without prior notice to the State. The trial court observed, "you know, I don't think [Defendant] Carney has been harmed by anything that has happened, but I think the court system has." The State informed the trial court that it anticipated that the lab results would be finished in nine or ten weeks, and reiterated its request that the trial court set the matter for trial. The State agreed that if the lab results were not completed by the trial date it would voluntarily move to dismiss the indictment. The trial court acknowledged that it was frustrated with the administrative delays caused by the testing procedures utilized in drug cases, but it nonetheless denied the State's motion to reconsider.

## B. *State v. Anthony Mitchell*

Defendant Mitchell was indicted in case No. 5814 on July 18, 2006. The charged offenses arose out of a drug transaction on February 7, 2006 between Defendant Mitchell and an undercover agent with the Violent Crime and Drug Task Force. At a status hearing on September 25, 2006, counsel for Defendant Mitchell informed the trial court that the State had extended an offer to settle the case, but Defendant Mitchell did not want to enter into negotiations until the testing of the substances seized from Defendant Mitchell had been completed. The trial court granted Defendant's motion to be released on his own recognizance.

The trial court conducted a status hearing in case No. 5814 on November 27, 2006, at which time the State acknowledged that it had not received the lab report. The trial court continued the hearing until December 20, 2006, to give the State time to produce the lab report. At the December 20, 2006, hearing, the following colloquy occurred:

[DEFENSE COUNSEL]: Your Honor, I'm showing that this was one of those you had [released him on his own recognizance] back earlier because there was no lab report and that you had given the State until today to get a lab report in this matter.

| THE COURT: | General, that's my recollection also. |
|---|---|
| [THE STATE]: | I don't see any, Your Honor. |
| THE COURT: | All right. Dismissed. |

The order of dismissal entered by the trial court on December 20, 2006, regarding *State v. Anthony Mitchell* does not indicate whether the dismissal was with or without prejudice.

## II. Analysis

On appeal, the State argues that the trial court abused its discretion in dismissing the indictments in case Nos. 5821 and 5814 based on a delay in receiving the lab reports in each case. The State contends that the trial court failed to follow the principles outlined in *State v. Benn*, 713 S.W.2d 308 (Tenn. 1986) before dismissing the indictments with prejudice.

Rule 48(b) of the Tennessee Rules of Criminal Procedure provides that the trial court may dismiss the indictment "[i]f there is unnecessary delay in presenting the charge to a grand jury against a defendant who has been held to answer to the trial court, or if there is unnecessary delay in bringing a defendant to trial." The decision to dismiss an indictment pursuant to Rule 48(b) is within the discretion of the trial court and will not be reversed by this court absent an abuse of that discretion. *State v. Harris*, 33 S.W.3d 767, 769 (Tenn. 2000) (citing *Benn*, 713 S.W.2d at 311).

"A dismissal pursuant to Rule 48(b) can be with or without prejudice but a dismissal on a non-constitutional ground is normally without prejudice to a subsequent reindictment and prosecution. *Benn*, 713 S.W.2d at 310 (citations omitted). Neither Defendant Carney nor Defendant Mitchell asserted a constitutional right to a speedy trial at the trial level. On appeal, Defendants Carney and Mitchell argue that the dismissal of their respective indictments was within the trial court's discretion because of the State's failure to produce the lab results pertaining to each case in a timely manner. Thus, we treat these matters as dismissals upon a non-constitutional ground.

In *Benn*, the supreme court articulated the analysis required before a trial court may dismiss an indictment under Tenn. R. Crim. P. 48(b) when the delay falls short of constitutional proportions as follows:

> The facts to be considered in passing on a motion to dismiss under Rule 48(b) where there has been no constitutional violation are the length of the delay, the reasons for the delay, the prejudice to the defendant, and waiver by the defendant. Of course, these are the same factors that determine a speedy trial constitutional violation, except for the factor of a defendant's assertion of his right to a speedy trial.

*Id*. at 311. The supreme court stated that, in the absence of a constitutional violation, dismissal with prejudice "should be utilized with caution and only after a forewarning to prosecutors." *Id*. at 310.

Moreover, if a trial court finds it appropriate to dismiss an indictment with prejudice on the basis of a non-constitutional ground, the court "must make express findings of fact on each of the [above] factors." *Id*. at 311.

The trial court did not make express findings of fact in support of the dismissals of the indictments in case Nos. 5821 and 5814 other than to express its apparent frustration with administrative delays. The indictment in case No. 5821 was dismissed with prejudice a little over three months after its issuance. The indictment in case No. 5814 was dismissed approximately five months after its issuance. In each case, the delay was attributed to the length of time necessary to complete the lab reports requested by the State. The record contains no evidence that the delay prejudiced the Defendant's ability to prepare and present a defense. Defendant Carney and Defendant Mitchell were each released on their own recognizance a little over two months after the issuance of the indictments. The only apparent adverse consequence caused by the delay was that a negotiated settlement of case nos. 5821 and 5814 was postponed until such time as the lab reports were received.

The record before us does not suggest unnecessary delay in the proceedings such as would justify the trial court dismissing the indictments in case Nos. 5821 and 5814 under Rule 48(b). We, therefore, conclude that the trial court erred in dismissing the indictments in each case.

## CONCLUSION

After review of the record, we reverse the trial court's dismissal of the indictments in case Nos. 5821 and 5814 and remand both cases to the trial court for further proceedings.

_____
THOMAS T. WOODALL, JUDGE