FILED

09/26/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 5, 2019 Session

## STATE OF TENNESSEE v. RONTAVIOUS S. FERGUSON and TRAMON T. KEY

Appeal from the Circuit Court for Dyer County
Nos. 16-CR-140, 16-CR-140A    William B. Acree, Senior Judge

———————————————

### No. W2018-01908-CCA-R3-CD

———————————————

The State appeals from the trial court's dismissal with prejudice of a two-count indictment against the Defendants, Rontavious S. Ferguson and Tramon T. Key, for attempted second-degree murder and attempted aggravated robbery. The State contends that it had discretion to *nolle prosequi* the charges and that dismissal without prejudice would not have placed the public interest at stake. After review, we affirm the dismissal of the indictment against the Defendants but remand to the Dyer County Circuit Court for entry of an amended order dismissing the case without prejudice.

**Tenn. R. App. P Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Reversed in Part; Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Lance Webb, Assistant District Attorney General, for the appellant, State of Tennessee.

Noel H. Riley, II, Dyersburg, Tennessee, for the appellee, Rontavious S. Ferguson.

Hal James Boyd, Tiptonville, Tennessee, for the appellee, Tramon T. Key.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

On June 13, 2016, the Defendants were indicted for attempted second-degree murder and attempted aggravated robbery. The trial court conducted a hearing on July 24, 2018, for the purpose of setting a trial date. During that hearing, the court noted that it had been designated to hear the case after the previous judge recused himself, and the court alluded to the fact that the case had been set for trial on at least two previous occasions. The State advised the court that there would be few witnesses and that the case was very factually uncomplicated. With consent of the parties, the case was set for trial on September 19, 2018.

On September 26, 2018, the trial court entered an order dismissing the indictment with prejudice. In its order, the court explained that the day before the scheduled trial date of September 19, the State advised the court that it intended to enter an order of *nolle prosequi* because the victim was out of state for work, and it learned from the defense the day before that a witness whom the State had not subpoenaed because he said he did not know anything about the crimes would testify on behalf of the defense as to facts previously unknown by the State. The court determined that even though the Defendants were not opposing the State's request to enter an order of *nolle prosequi*, the case should be dismissed with prejudice "because the State is unprepared for trial while the [c]ourt and the Defendants are properly prepared for trial."

At the dismissal hearing, the following exchange occurred between the court and the State:

> State: . . . [W]e have decided to nolle this case. . . . [A] couple of reasons, one, the victim is actually in North Carolina with his company. They are doing something related to hurricane repair or relief or something. . . .

> Court: When did you learn this?

> State: I actually didn't find that out until yesterday –

> Court: Why did you not find that out until yesterday?

> State: Because I was trying to find out –

> Court: Why did you not find that out until yesterday?

> State: Well, Judge, I just called him to talk to him about the trial to find out when he was going to be here. I didn't –

Court: The victim?

State: He lives in middle Tennessee, but his company has sent him to North
Carolina.

Court: Yes, sir. So we were going to trial today and you call him yesterday
to talk to him about –

State: Yes, sir. I had talked to him before, but he wasn't in North Carolina
when I talked to him last week. But in any event, the other main
reason was that there was a witness that the State had excused
previously and did not subpoena this time, but we found out that he
has changed his testimony and is now going to testify for the
Defense. And, it would have been very damaging to our case and so
we've decided – I don't know if this case will be re-indicted or not.

Court: I don't think so. I'm going to dismiss it with prejudice.

State: Well, Judge, I mean, we're asking [t]he [c]ourt to nolle pros this case
and we have the right to do that.

Court: Yes, sir, but under the circumstance, . . . you come into court and
you don't prepare the case until yesterday –

. . . .

Court: The defendants come in ready for trial and you find out yesterday
you're not going to try the case. The [c]ourt is ready for trial.
Everybody is ready for trial but you.

Accordingly, the trial court dismissed the case with prejudice, and the State
appealed.

## ANALYSIS

The State argues that the trial court erred in dismissing the indictment against the
Defendants with prejudice because public interest was not at stake and the State had
broad authority to *nolle prosequi* the charges based on unforeseeable changes in
circumstances the night before trial.

Tennessee Rule of Criminal Procedure 48(b) allows a trial court to dismiss an indictment, presentment, information, or complaint if "unnecessary delay occurs in . . . bringing a defendant to trial." Tenn. R. Crim. P. 48(b). In *State v. Benn*, our supreme court set forth certain principles relating to a trial court's dismissal of an indictment pursuant to Rule 48(b) as follows:

> The factors to be considered in passing on a motion to dismiss under Rule 48(b) where there has been no constitutional violation are the length of the delay, the reasons for the delay, the prejudice to defendant, and waiver by the defendant. . . . When it is found to be appropriate to dismiss with prejudice, the trial judge must make express findings of fact on each of the relevant factors listed herein.

713 S.W.2d 308, 311 (Tenn. 1986). Moreover, dismissal with prejudice for failure to prosecute, which does not arise from a constitutional violation, should be utilized with caution and only after a forewarning to the prosecutor of the consequences. *Id.* at 310. The decision whether to dismiss an indictment lies within the discretion of the trial court. *State v. Harris*, 33 S.W.3d 767, 769 (Tenn. 2000).

Again, as noted by our supreme court in *Benn*, "[w]hen it is found to be appropriate to dismiss *with* prejudice, the trial judge *must* make express findings of fact on each of the relevant factors listed." *Benn*, 713 S.W.2d at 311 (emphasis added). We have thoroughly reviewed the dialogue between the trial court and the parties at the dismissal hearing, as well as the trial court's written order of dismissal, and the trial court failed to make express findings of fact on each of the factors listed in *Benn*. Accordingly, we conclude that while dismissal of the indictment was within the discretion of the trial court, dismissal with prejudice was not justified. *See State v. Christopher Carney and Anthony Mitchell*, No. W2007-00705-CCA-R3-CD, 2008 WL 1700230, at *2-3 (Tenn. Crim. App. Apr. 8, 2008) (concluding that the trial court abused its discretion in dismissing indictments based on delayed laboratory reports, as it did not make express findings of fact required by *Benn* and the record contained no evidence of prejudice); *State v. Steve Paige*, No. W2001-03045-CCA-R3-CD, 2003 WL 839809, at *3 (Tenn. Crim. App. Mar. 4, 2003) (concluding that dismissal with prejudice was an abuse of discretion because the trial court did not make express findings or adequately warn the prosecutors). Therefore, we affirm the dismissal of the indictment but remand to the trial court for entry of an amended order dismissing the case without prejudice.

**CONCLUSION**

Based upon the foregoing, we affirm the dismissal of the indictment against the Defendants but remand to the Dyer County Circuit Court for entry of an amended order dismissing the case without prejudice.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE