IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 26, 2021 Session

**STATE OF TENNESSEE v. STEPHEN D. ANDERSON**

**Appeal from the Circuit Court for Cocke County**
**No. 8595     Carter Scott Moore, Judge**

_____

**No. E2020-01272-CCA-R3-CD**

_____

The Appellant, the State of Tennessee, appeals the Cocke County Circuit Court order granting the Defendant's motion to dismiss his indictment. On appeal, the State contends that the trial court erred in dismissing the indictment "in the interest of justice." Upon review, we remand for entry of corrected judgments but otherwise affirm the trial court's dismissal of the indictment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed; Case Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and JILL BARTEE AYERS, JJ., joined.

Stephen D. Anderson, Newport, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Mark Strange, Assistant District Attorney General, for the Appellant, State of Tennessee.

**OPINION**

The Cocke County General Sessions Court issued arrest warrants for the Defendant on August 25, 2018, for driving under the influence ("DUI") and violation of the open container law. In the affidavit of complaint, Lieutenant Ricky Holt stated that he observed the Defendant "driving south bound in the north bound lane on crosby hwy. I stopped the vehicle and he exited the vehicle before [I] could get out of my vehicle. He was very unsteady on his feet [and] almost fell down once[;] he had blood shot eyes and had a strong odor of an alcoholic beverage on his person." Lieutenant Holt elaborated that the Defendant "refused to do any field task and refused a breathalyzer test. There was half an

empty beer that was still cold in the center cup holder of his vehicle." On February 11, 2019, the Cocke County Grand Jury returned a two-count indictment that charged the Defendant with DUI and violation of the open container law.

On March 12, 2020, the Defendant filed a pro se motion to dismiss his indictment. In the motion, the Defendant asserted that because it was "19 months from" August 25, 2018, his arrest date, and February 25, 2020,[1] his indictment should be dismissed for failure to prosecute within the applicable statute of limitations. On August 18, 2020, the trial court dismissed the motion upon the State's explanation that the Defendant was indicted on February 11, 2019, after being arrested on August 25, 2018, "well within the one[-]year statute of limitations period." At the same hearing, the Defendant also requested that the trial court set his trial for "the 20th." The trial court took his request as a motion for speedy trial, which it also denied based on the COVID-19 pandemic "blowing up" in Cocke County. The Defendant then made an oral motion to dismiss his indictment "[i]n the light of justice." The Defendant explained that he had been in jail since his arrest in August 2018 and his DUI had been the "sole basis" of his parole revocation, noting that he had been on parole "for twenty-two years" and was otherwise "doing [everything] correctly[.]" Defense counsel also opined that because the Defendant had been in custody for almost two years, he had "done more time than [he] kn[e]w of anybody ever doing on a DUI" and had therefore "paid his burden to the [S]tate." Over the State's objection, the trial court dismissed the indictment "in the interest of justice[,]" noting that the Defendant had "sat in jail for nearly two years because of this charge" and that had it not been for the COVID-19 pandemic, "he would be having a trial tomorrow[.]" The trial court also noted that it did not "see anything the [S]tate ha[d] done wrong." The same day, the trial court entered a written order, which stated that "Upon motion of the Defendant and after hearing, the charges against the Defendant are dismissed, over the objection of the State of Tennessee." On September 16, 2020, the State filed a timely notice of appeal.

## ANALYSIS

On appeal, the State contends that the trial court committed error by dismissing the Defendant's indictment in the "interest of justice" and asks us to reinstate the indictment. Though the Defendant asks that this court affirm the dismissal of his indictment in his appellate brief, he does so under erroneous reasoning due to his lack of understanding of the applicable law.[2] Despite his erroneous analysis, the Defendant reaches the same legal

---

[1] The significance of February 25, 2020, is not established in the record on appeal.

[2] We note that courts "give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." Whitaker v. Whirlpool Corp., 32 S.W.3d at 227; Paehler v. Union Planters Nat'l Bank, Inc., 971 S.W.2d at 397. Accordingly, "we measure the papers prepared by pro se

conclusion as this court. Accordingly, for the reasons that follow, we affirm dismissal of the indictment.

The trial court may dismiss an indictment if "unnecessary delay occurs in . . . bringing a defendant to trial." Tenn. R. Crim. P. 48(b)(2). Our supreme court has adopted the federal interpretation of Rule 48(b). State v. Benn, 713 S.W.2d 308, 311 (Tenn. 1986). In Benn, our supreme court summarized:

> The federal courts hold that Rule 48(b) grants trial courts authority to dismiss a case for want of prosecution, whether or not there has been a constitutional speedy trial violation; that the rule is derived from the inherent common law power of the trial court to control its own jurisdiction and docket. United States v. Simmons, 536 F.2d 827 (9th Cir.1976); United States v. Stoker, 522 F.2d 576 (10th Cir. 1975); Mann v. United States, 304 F.2d 394, (D.C. Cir.), cert. denied, 371 U.S. 896, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962). A dismissal pursuant to Rule 48(b) can be with or without prejudice[,] but a dismissal on a non-constitutional ground is normally without prejudice to a subsequent reindictment and prosecution. United States v. Simmons, supra; United States v. Stoker, supra; and United States v. Furey, 514 F.2d 1098 (2nd Cir. 1975). Dismissal with prejudice for want of prosecution, not arising from a constitutional violation should be utilized with caution and only after a forewarning to prosecutors of the consequences. United States v. Simmons, supra; United States v. Hattrup, 763 F.2d 376 (9th Cir. 1985); United States v. Clay, 481 F.2d 133 (7th Cir.), cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973).

> The factors to be considered in passing on a motion to dismiss under Rule 48(b) where there has been no constitutional violation are the length of the delay, the reasons for the delay, the prejudice to defendant, and waiver by the defendant. Of course, these are the same factors that determine a speedy trial constitutional violation, except for the factor of a defendant's assertion of his right to a speedy trial. When it is found to be appropriate to dismiss with prejudice, the trial judge must make express findings of fact on each of the relevant factors listed herein.

Benn, 713 S.W.2d at 310-11. In State v. Casey Austin, No. W2004-01448-CCA-R3-CD, 2005 WL 659018 (Tenn. Crim. App. Mar. 22, 2005), this court declined to extend the

---

litigants using standards that are less stringent than those applied to papers prepared by lawyers." Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975).

analysis requirement from <u>Benn</u> to "a dismissal without prejudice[,]" explaining that doing so "would strip the trial court of its inherent power to manage its own docket and create unnecessary appellate review." <u>Id.</u> at *2-3. The decision whether to dismiss an indictment is within the sound discretion of the trial court, and we will not disturb the trial court's decision on appeal absent a clear abuse of discretion. <u>State v. Harris</u>, 33 S.W.3d 767, 769 (Tenn. 2000). A trial court abuses its discretion by applying an incorrect legal standard or reaching a decision against logic or reasoning which causes an injustice to the complaining party. <u>State v. Merriman</u>, 410 S.W.3d 779, 791 (Tenn. 2013). This court has affirmed dismissal of an indictment and remanded the case to be amended to reflect a dismissal without prejudice where the trial court dismissed an indictment without making express findings of fact on the relevant <u>Benn</u> factors. <u>See, e.g.</u>, <u>State v. Rontavious S. Ferguson and Tramon T. Key</u>, No. W2018-01908-CCA-R3-CD, 2019 WL 4733477, at *2 (Tenn. Crim. App. Sept. 26, 2019); <u>State v. Steve Paige</u>, No. W2001-03045-CCA-R3-CD, 2003 WL 839809, at *3 (Tenn. Crim. App. Mar. 4, 2003).

As an initial matter, we are aware of the "potential jurisdictional problem" that arises in reviewing a dismissal without prejudice and not on constitutional grounds, as noted by this court in <u>Casey Austin</u>, 2005 WL 659018, at *1. However, Rule 3(c) of the Tennessee Rules of Appellate Procedure "provides without restriction that the State may appeal as of right any judgment or order entered by the trial court, the substantive effect of which results in dismissing an indictment." <u>Id.</u> at *2. Further, Rule 2 of the Tennessee Rules of Appellate Procedure "allows this [c]ourt to suspend certain provisions or requirements of the rules for good cause, including expediting a decision on any matter." <u>Id.</u> Accordingly, we address the merits of this appeal.

Additionally, we note that the record on appeal is wholly inadequate. It is well-settled that when a party seeks appellate review, it has a duty to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. <u>See</u> <u>State v. Ballard</u>, 855 S.W.2d 557, 561 (Tenn. 1993) (holding failure to include transcript precludes appellate review); <u>State v. Bunch</u>, 646 S.W.2d 158, 160 (Tenn. 1983); <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding trial court's ruling was presumed correct in the absence of an adequate record on appeal). Given the complex nature of the procedural posture of the instant case, the State's failure to include more information in the record on appeal makes our review more difficult.

Notwithstanding the paltry record on appeal, we conclude that the trial court did not abuse its discretion in dismissing the Defendant's indictment. The trial court did not state whether the dismissal was with or without prejudice in its oral order or written order, and there was no determination that a constitutional right had been violated. The trial court's failure to state that the dismissal was with prejudice leads us to conclude that the dismissal

- 4 -

was without prejudice.  See Stoker, 522 F.2d at 580.  Although the State contends that the trial court simply dismissed the Defendant's case "in the interest of justice" without legal authority, a complete reading of the motion transcript reveals otherwise.  As noted above, the trial court denied the Defendant's written pro se motion to dismiss the indictment on statute of limitations grounds and his oral motion for speedy trial that was made immediately before his oral motion to dismiss.  The trial court explained that because of the COVID-19 pandemic, it was not possible to conduct a speedy trial, though the Defendant had already been in custody for two years.  The Defendant then made an oral motion to dismiss "in light of justice," given that he had already been in custody for two years because of his parole violation.  The trial court granted the motion after hearing the State's argument against dismissal, noting that the Defendant "sat in jail for nearly two years" because of the DUI and would "be having a trial tomorrow" but for the COVID-19 pandemic.

Though not explicitly stated by the trial court, we conclude that it dismissed the indictment based on its authority to do so in Tennessee Rule of Criminal Procedure 48(b), which provides the trial court with the authority to "dismiss an indictment if unnecessary delay occurs in . . . bringing a defendant to trial."  Tenn. R. Crim. Pro. 48(b)(2).  Given that the trial court denied the Defendant's motion for speedy trial and did not otherwise determine that a constitutional violation had occurred, we are inclined to conclude that it did not dismiss the indictment on constitutional grounds, for violation of the right to speedy trial or otherwise.  The State encourages us to conclude that Rule 48 is not applicable in the instant case because the trial court did not reference the rule "either at the hearing or in its order" and because "Rule 48 dismissal must be accompanied by express findings by the trial court regarding the length of delay, reasons for the delay, prejudice to the defendant, and waiver."  However, as explained above, the State is erroneous in its assertion that the trial court was required to make findings on the record when it dismissed the case without prejudice and not on constitutional grounds.  See Casey Austin, 2005 WL 659018, at *1.

The Casey Austin court affirmed the trial court's dismissal of an indictment without prejudice and not on constitutional grounds where a material State's witness was deployed to Iraq.  Id. at *3.  This court concluded that "the trial court's dismissal was not against logic and did not unjustly affect the State's power to prosecute the defendant" where there was "no realistic prospect of proceeding to trial on any scheduled date in the near future."  Id.  This court elaborated that although "the State had no control over th[e] situation[,]" the trial court "did not abuse its discretion when it exercised its inherent powers to dismiss without prejudice."  Id.  Though faced with different facts, we are inclined to apply the same reasoning to the instant case.  The trial court in the instant case explained that it could not set a date for the Defendant's trial because of the COVID-19 pandemic and was unsure of when jury trials would resume in Cocke county.  Like the trial court, we acknowledge that the State did not have control over the situation at hand and was not at fault for the

Defendant's inability to proceed to trial. As noted above, given that the trial court dismissed the indictment without prejudice and not on constitutional grounds, it was not required to make findings of fact on the record regarding the Benn factors. Id. at *2; see Benn, 713 S.W.2d at 311. We cannot conclude that the trial court abused its discretion in dismissing the indictment in light of the Defendant's having already been in custody for two years because of parole violation based on his misdemeanor charges and the uncertainty of jury trials during the COVID-19 pandemic. The dismissal did not go against logic and did not unjustly affect the State's power to prosecute. Accordingly, the State is not entitled to relief.

## CONCLUSION

Based upon foregoing reasoning and authorities, the judgment of the trial court is affirmed. However, we remand to the trial court for entry of corrected judgments explicitly stating that the Defendant's indictment was dismissed without prejudice.

_____

CAMILLE R. MCMULLEN, JUDGE

- 6 -