# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs February 14, 2012

## VINCENT LOVE WILLIAMS v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 11-CR-9624      R. Lee Moore, Judge**

---

**No. W2011-01954-CCA-R3-HC  - Filed June 18, 2012**

---

The petitioner, Vincent Love Williams, appeals the dismissal of his pro se petition for the writ of habeas corpus, contending that the trial court erred in dismissing his petition without reviewing it or answering the allegations, that his judgment was void because of a defective indictment, and that his right against double jeopardy had been violated.  After a careful review of the record, we affirm the trial court's denial of the petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Vincent Love Williams, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Rachel Willis, Assistant State Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner contends he was initially indicted in case number 09-CR-324.  While this indictment and the charges brought against the petitioner are not part of the record, the petitioner has included an Order of Nolle Prosequi filed on October 27, 2009, in which the State dismissed the action in case number 09-CR-324.[1]  On October 12, 2009, a Dyer County

---

[1]The petitioner's brief appears to assert that the first indictment charged him with theft of property valued over $1,000 and evading arrest, and that the dismissal of the first indictment "dismissed the Felony
(continued...)

grand jury issued a four-count indictment in case number 09-CR-400. Count one of the indictment charged first degree murder, in that the petitioner, on or about July 25, 2009, "did unlawfully kill Jeffery Lynn Richardson in the perpetration of or attempt to perpetrate a theft, in violation of T.C.A. § 39-13-202." Count two charged that the petitioner, on or about July 25, 2009, "unlawfully and recklessly killed Jeffrey Lynn Richardson by the operation of a motor vehicle, as the proximate result of the driver's intoxication, as set forth in § 55-10-401, in violation of T.C.A. § 39-13-213(a)(2), a Class B Felony." Count three charged the petitioner with the theft of a pickup truck valued over $1,000, a Class D felony, and count four charged the petitioner with attempting to elude a law enforcement officer and thereby creating a risk of death or injury, a Class D felony. The petitioner entered a motion for a bill of particulars in case number 09-CR-400, and the court denied the motion on July 27, 2010, finding that the indictment adequately specified the elements of the offenses. On September 1, 2010, the petitioner entered a guilty plea to the vehicular homicide charge. The petitioner was sentenced as a multiple offender to twenty years' incarceration, and the remaining counts were dismissed.

Less than a year after the entry of his guilty plea, the petitioner brought a petition for the writ of habeas corpus. The petition asserted that the indictment did not adequately specify the offense with which he was charged in the vehicular homicide count. The petitioner further asserted that his plea violated the prohibitions against double jeopardy. The trial court denied the petition on August 8, 2011. The trial court, having provided a thorough summary of the petitioner's argument, found that the indictment was adequately specific and that there was no double jeopardy violation.[2]

On appeal, the petitioner contends that the trial court erred in not reviewing or responding to the allegations of his petition, that the indictment was defective in failing to adequately specify the crime to which he pled guilty, and that the indictment violated the prohibitions against double jeopardy.

---

[1](...continued)
Murder Offense of the superceding [sic] indictment." As the petitioner does not pursue this as an argument, we decline to address it. *See* Rules of the Court of Criminal Appeals Rule 10(b).

[2]The trial court's order was signed on August 3, 2011, but file-stamped August 8, 2011, with a certificate of service indicating it was sent to the petitioner on that date. However, the petitioner has provided an affidavit that he did not receive notice of the decision until September 9, 2011, with confirmation from the correctional facility's mailroom. We therefore conclude that a timely notice of appeal is waived in the interest of justice pursuant to Tennessee Rule of Appellate Procedure 4(a).

**Analysis**

The right to seek a writ of habeas corpus is found in article I, section 15 of the Tennessee Constitution, and the contours of and procedures for relief are delineated in Tennessee Code Annotated section 29-21-101 *et seq*. "While the statutory language describing the writ appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008) (footnote omitted) (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993)). Due to the limited nature of the writ, the relief available under the writ of habeas corpus has been supplemented by the Post-Conviction Procedure Act. *Id.* at 919-20.

A petition for habeas corpus will only lie if the judgment challenged is void, rather than voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A voidable judgment is valid on its face and requires proof beyond the face of the record or judgment to establish that it is invalid. *Edwards*, 269 S.W.3d at 920. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). It must be apparent on the face of the judgment or record of proceedings upon which judgment was rendered that the court was without jurisdiction to sentence the defendant, or that the defendant's sentence has expired. *Taylor*, 995 S.W.2d at 83. For the purposes of determining if a judgment is void, "jurisdiction" is synonymous with "authority." *Edwards*, 269 S.W.3d at 920.

The defendant bears the burden of showing by a preponderance of the evidence that the judgment is void or the confinement illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." T.C.A. § 29-21-109. The availability of relief is not dependent on whether the defendant was tried or pled guilty, as a guilty plea waives only non-jurisdictional defects. *Edwards*, 269 S.W.3d at 921. The granting or denial of habeas corpus relief is a question of law. *Summers*, 212 S.W.3d at 255. Appellate review is therefore de novo. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The petitioner challenges the trial court's denial of his petition, asserting that the trial court did not review or answer the allegations of the petition. However, the trial court's order demonstrates the trial court thoroughly reviewed and responded to the petition. Moreover, the statute merely requires the reasons for refusing the petition to be "briefly endorsed upon the petition, or appended thereto." T.C.A. § 29-21-109. If the petition fails to establish that the judgment is void, the trial court may properly dismiss it without a hearing. *Summers*, 212 S.W.3d at 260.

The petitioner further challenges the trial court's denial of the petition based on the adequacy of the indictment. Under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Tennessee Constitution, the accused has the right to be informed of the nature and cause of the accusation. Statutory mandate further requires that the indictment

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

T.C.A. § 40-13-202. Generally, an indictment is valid if it provides information sufficient: (1) to enable the accused to know the offense charged; (2) to furnish the court adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *Wyatt*, 24 S.W.3d at 323; *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). While challenges to a defective indictment are generally waived unless raised prior to trial, Tenn. R. Crim. P. 12(b)(2)(B), "an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition." *Wyatt*, 24 S.W.3d at 323. The indictment in question specified the date, the victim, and act which constituted the crime, and further specifically referred to the statutory provisions the defendant violated. "[S]pecific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense." *State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000). We conclude that the indictment was not defective. To the extent that petitioner's brief can be read to allege that the indictment was defective because the vehicular homicide count failed to include a predicate felony, we note that the statutory provision governing vehicular homicide was cited by the indictment, and, unlike felony murder, requires no predicate felony.

We may briefly dispense with the petitioner's claims that the indictments violated the prohibitions against double jeopardy. First, such an allegation would render a conviction merely voidable, not void, and as such is not a proper basis of a petition for habeas corpus. *Thurmond v. Sexton*, No. E2010-02256-CCA-R3-HC, 2011 WL 6016890, at *4-5 (Tenn. Crim. App. Dec. 5, 2011) *perm. app. denied* (Tenn. Mar. 9, 2012); *Deeter v. Lindamood*, No. M2011-00636-CCA-R3-HC, 2011 WL 3941142, at *2 (Tenn. Crim. App. Sept. 8, 2011); *Hill v. Parker*, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App. Jan. 24, 2011); *Mosley v. Brandon*, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at * 5 (Tenn. Crim. App. June 20, 2007); *Claypole v. State*, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App. May 16, 2001); *see also Bowen v. Carlton*, No. E2007-01845-CCA-R3-HC, 2008 WL 450630, at *3 (Tenn. Crim. App. Feb. 20, 2008) (concluding

that claim that indictments were multiplicitous was not cognizable in action for habeas corpus relief). The petitioner's claim also fails because the petitioner only pled guilty to, and was convicted of, one count in the indictment. Jeopardy attaches when a trial court unconditionally accepts a guilty plea. *Waters v. Farr*, 291 S.W.3d 873, 892 (Tenn. 2009) (citing *State v. Todd*, 654 S.W.2d 379, 383 (Tenn. 1983)). Because the petitioner only pled guilty to one count, there could not have been a double jeopardy violation. This also rebuts the petitioner's argument insofar as he alleges that he was placed in double jeopardy because he was indicted twice. The State may obtain a superseding indictment – which is an indictment obtained while another indictment is still pending – if jeopardy has not attached on the first indictment. *State v. Harris*, 33 S.W.3d 767, 771 (Tenn. 2000). "Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial." *Id.* We conclude there has been no double jeopardy violation.[3]

## CONCLUSION

Because the petitioner's indictment was not defective and because there was no violation of the prohibition against double jeopardy, we affirm the trial court's denial of the petition for the writ of habeas corpus.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[3]We also note that, contrary to the petitioner's assertion, vehicular homicide is not a lesser included offense of first degree murder. *State v. Hester*, No. 03C01-9704-CR-00144, 2000 WL 294964, at *7 (Tenn. Crim. App. Mar. 22, 2000). Because each offense contains an element not necessary to the other, *see State v. Watkins*, __ S.W.3d __, 2012 WL 758912, at *21 (Tenn. Mar. 9, 2012), there is no double jeopardy violation.