IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

**JIMMY HEARD v. RANDY LEE, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-17-CR-168     Stacy L. Street, Judge**

_____

**No. E2018-00325-CCA-R3-HC**
_____

The Petitioner, Jimmy Heard, appeals the Johnson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus from his 2007 convictions for attempted second degree murder, conspiracy to commit aggravated robbery, aggravated robbery, and evading arrest and his effective forty-four-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Jimmy Heard, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; and Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Rutherford County Circuit Court jury convicted the Petitioner of conspiracy to commit aggravated robbery, aggravated robbery, felony evading arrest, and attempt to commit second degree murder, a lesser included offense of the charged offense of attempted first degree murder. The trial court granted the Petitioner's motion for a new trial relative to the attempted second degree murder conviction, and he ultimately pleaded guilty to attempted second degree murder. *See State v. Jimmy Heard*, No. M2007-01805-CCA-R10-CD, 2009 WL 723527 (Tenn. Crim. App. Mar. 18, 2009), *perm. app. denied* (Tenn. Aug. 17, 2009); *State v. Jimmy Lee Heard*, No. M2010-01030-CCA-R3-CD, 2012 WL 976188 (Tenn. Crim. App. Mar. 5, 2012), *perm. app. denied* (Tenn. Aug. 15, 2012).

The Petitioner unsuccessfully sought post-conviction relief on the grounds that he received the ineffective assistance of counsel. *See Jimmy Heard v. State*, No. M2013-02661-CCA-R3-PC, 2015 WL 4773348 (Tenn. Crim. App. May 19, 2015), *no perm. app. filed*. In his post-conviction petition, the Petitioner alleged that the trial court improperly remanded the Petitioner's case to the general sessions court without first dismissing the indictment, but the Petitioner did not raise the issue on appeal. *See id*. The Petitioner unsuccessfully sought to correct an illegal sentence relative to his evading arrest conviction, for which he received a six-year sentence. *See State v. Jimmy Heard*, No. M2016-00622-CCA-R3-CD, 2017 WL 111299 (Tenn. Crim. App. Jan. 11, 2017), *perm. app. denied* (Tenn. Apr. 12, 2017). The Petitioner also unsuccessfully sought habeas corpus relief. *See Jimmy Heard v. James Fortner, Warden and State of Tennessee*, No. M2009-00899-CCA-R3-HC, 2009 WL 2461176 (Tenn. Crim. App. Aug. 12, 2009) (mem.), *perm. app. denied* (Tenn. Nov. 23, 2009).

On December 12, 2017, the Petitioner filed the instant petition for a writ of habeas corpus. He alleged that his convictions were void because the trial court lacked jurisdiction to enter the judgments. As a factual basis for his claim, he alleged that before his trial, the trial court remanded his case to the general sessions court for a second preliminary hearing because the recording of the initial preliminary hearing had been lost. He alleged that the trial court did not dismiss the indictment before remanding the case for the second preliminary hearing and that the grand jury returned a second indictment after the second preliminary hearing. The habeas corpus petition alleged that the judgments were void because the trial court lacked jurisdiction to enter the judgments because Tennessee Criminal Procedure Rule 5 required the trial court to dismiss the indictment before remanding the case to the general sessions court. The petition conceded that the issue had been addressed previously in a pretrial motion, the motion for a new trial, and the post-conviction proceedings. The habeas corpus court summarily dismissed the petition on the basis that it failed to state a colorable claim. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. The State responds that the court properly dismissed the petition. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer*, 851 S.W.2d at 161; *see Moody v. State*, 160

S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The record reflects that the Petitioner raised the issue currently before this court in the post-conviction proceedings, and the post-conviction court's order denying relief reflects the relevant procedural history. The order states that on January 13, 2006, the Petitioner filed a pretrial motion requesting his case be remanded to the general sessions court because of "the lack of a record of the prior general sessions proceedings." On March 2, 2006, the trial court granted the Petitioner's motion without dismissing the indictment. Upon remand, the general sessions court determined the existence of probable cause on March 28, 2006, and the grand jury returned a superseding indictment on May 3, 2006. The post-conviction court determined that although the trial court should have dismissed the indictment before remanding the case to the general sessions court, "the subsequent action by the Grand Jury in returning [a] Superseding Indictment[] cured the lack of dismissal." We note that the Petitioner did not allege on appeal that the post-conviction court erred in its determinations. *See Jimmy Heard*, 2015 WL 4773348, at *1.

When the Petitioner filed his pretrial motion requesting his case be remanded to the general sessions court in January 2006, Tennessee Criminal Procedure Rule 5.1(a) stated the following relative to preliminary hearings:

> The evidence of the witnesses is not required to be reduced to writing by the magistrate, or under the magistrate's direction, and signed by the respective witnesses; but the proceedings shall be preserved by electronic recording or its equivalent and available for listening to by the defendant or defendant's counsel to the end that they may be apprised of the evidence introduced upon the preliminary examination.

Our supreme court determined that the failure to comply with the dictates of then-Rule 5.1 "requires the dismissal of the indictment and a remand for a new preliminary hearing,

*unless*" the prosecution can show that "all material and substantial evidence that was introduced at the preliminary hearing was made available to the defendant" and that "the testimony made available to the defendant was subject to cross-examination." *State v. Graves*, 126 S.W.3d 873, 877-78 (Tenn. 2003) (emphasis in original); *see State v. Carter*, 970 S.W.2d 509, 512 (Tenn. Crim. App. 1997) (determining that "[t]he proper remedy when an electronic recording of a preliminary hearing is lost or unavailable would be to request the trial court to dismiss the indictment and remand to the [g]eneral [s]essions [c]ourt for a second preliminary hearing).

The State obtained a superseding indictment after the case was remanded to the general sessions court for a subsequent preliminary hearing, and the record reflects that the Petitioner proceeded to trial pursuant to the superseding indictment. "A superseding indictment is . . . obtained without the dismissal of a prior indictment." *State v. Harris*, 33 S.W.3d 767, 771 (Tenn. 2000). "The power to seek a superseding indictment lies within . . . [the] broad discretion of the State," and the State may obtain a superseding indictment "at any time prior to trial." *Id*. The judgments are facially valid, and the Petitioner has not shown that his convictions are void.

We conclude that the Petitioner has failed to state a cognizable claim for habeas corpus relief. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-